UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
and CALIFORNIA DEPARTMENT
OF TOXIC SUBSTANCES CONTROL,     No. 2:08-cv-02556-MCE-JFM

       Plaintiffs,

  v.                              **ORDER**

STERLING CENTRECORP INC.,
STEPHEN P. ELDER, and
ELDER DEVELOPMENT, INC.,

       Defendants.

----oo0oo----

This is an action brought by Plaintiffs pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq., seeking, *inter alia*, the recovery of response costs related to the release of hazardous substances from the Lava Cap Mine Superfund Site. On September 25, 2009, Defendants Stephen P. Elder and Elder Development, Inc. filed their Answer, Counterclaim and Request for Jury Trial in response to Plaintiffs' Complaint.
///

1

Presently before the Court are Motions to Dismiss the Counterclaim asserted by the Elder Defendants Stephen P. Elder and Elder Development Inc. The dismissal requests are brought on behalf of both Plaintiff United States and Plaintiff California Department of Toxics Substance Control ("California") pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). California also moves to strike certain affirmative defenses pled within the Elder Defendants' Answer on grounds that the affirmative defenses are either unavailable under CERCLA or inadequately stated. Finally, the United States asks that the Answer of Defendant Elder Development, Inc. be stricken in its entirety because a corporation cannot be represented by a non-attorney under Eastern District Local Rule 183(a). As set forth below, Plaintiffs' Motions will be granted in part and denied in part.[1]

First, with respect to Elder Development Inc.'s representation in this matter, it is clear that Stephen P. Elder cannot represent the corporation in pro se, as he purports to do in his September 25, 2009 response. Mr. Elder's attempt in that regard violates the clear provisions of Rule 183(a), which states unequivocally that "[a] corporation or other entity may appear only by an attorney." E.D. Local Rule 183(a); see also Rowland v. California Men's Colony, 506 U.S. 194, 201-202 (1993) (artificial entities like corporations, partnerships and associations may appear in federal court only through licensed counsel).

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

Consequently, the document filed by Stephen P. Elder on September 25, 2009 is stricken insofar as it attempts to answer on behalf of Elder Development, Inc. or to assert any claims on the corporation's behalf.

With respect to the Motions to Dismiss filed by both Plaintiffs as to the remaining Counterclaim asserted by Stephen P. Elder as an individual, Mr. Elder's Opposition makes no attempt to actually oppose Plaintiffs' challenge to the Counterclaim and instead focuses only on whether two of the four affirmative defenses targeted as inadequate are in fact properly stated. The Court will construe that failure to offer any substantive opposition to the Motions to Dismiss as non-opposition.

Stephen Elder's lack of opposition is not surprising given the Court's finding, following its own review, that the Elder Counterclaim fails. While governmental entities waive their sovereign immunity under the Eleventh Amendment for compulsory counterclaims under Federal Rule of Civil Procedure 13(a), they do not do so for permissive claims under Rule 13(b). See Competitive Tech. v. Fujitsu Ltd., 286 F. Supp. 1118, 1129 (N.D. Cal. 2003). The allegations of property damage and emotional distress asserted by Elder in his counterclaim relate not to the contamination itself targeted by this CERCLA action, but rather pertain to later cleanup efforts. Courts have found that such permissive claims qualify for immunity.

///

///

///

3

See. e.g., United States v. Iron Mountain Mines, Inc. 881 F. Supp. 1432, 1454, 1456 (E.D. Cal. 1995) (although CERCLA waives sovereign immunity for contribution claims brought against governmental agencies, it does not do so with respect to other federal statutory and common law schemes under which such governmental agencies are otherwise immune); see also United States v. Placer Mining Corp., 2007 W.L. 1576559 at *2-3 (D. Idaho 2007) (claims of property damage incurred during the cleanup of hazardous substances were deemed too attenuated to qualify as a compulsory counterclaim under CERCLA).

Moreover, to the extent Defendant Elder's Counterclaim attempts to assert claims sounding in tort, Plaintiff's failure to comply with administrative tort claim requirements required both by California's Tort Claims Act and the Federal Tort Claims Act also bars the counterclaim.

In light of both Defendant Elder's non-opposition and the flaws of Elder's Counterclaim itself, Plaintiffs' Motion to Dismiss said Counterclaim is well taken and will be granted. Because the Court does not believe that the defects of the Counterclaim can be cured through amendment, and because Elder has not requested permission to file an amended pleading, no leave to amend will be afforded.

Turning now to Defendant Elder's Answer itself, Mr. Elder does not oppose California's request that the first two affirmative defenses be stricken on grounds that neither affirmative defense is permitted under 42 U.S.C. § 9607(b).

///

///

Because neither defense is among the affirmative defenses authorized by that statute, and because "the statutory defenses are the only ones available" (Calif. ex rel. Dept. of Toxic Substances Control v. Neville Chem. Co., 358 F.3d 661, 672 (9th Cir. 2004)), the First and Second Affirmative Defenses contained in Elder's Answer are hereby stricken.

California concedes, however, that the Third and Fourth Affirmative Defenses, for an Act of God and for fault of others, are permitted under CERCLA. California nonetheless alleges that the defenses are not adequately supported by any facts showing that they are applicable. Plaintiffs counter that they need not offer any further factual support than they have already done at this juncture. The Court agrees, and finds that upon review of the entire answer in conjunction with the affirmative defenses, Plaintiffs have been given "fair notice" of the defenses being advanced. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). The Court consequently rejects any claim that the affirmative defenses must be stated with more specificity at this time.

Finally, with respect to the California's claim that Elder's demand for jury trial must be stricken as improper, Elder also does not oppose the Government's Motion to Strike in that regard, and it is clear that no right to jury trial attaches to a CERCLA cost recovery action. See, e.g., Calif. Dept of Toxic Substances v. Alco Pacific, Inc., 217 F. Supp. 2d 1028, 1046-47 (C.D. Cal. 2002).

///

///

In sum, then, Plaintiff United States' Motion to Dismiss (Docket No. 53) and Motion to Strike Defendant Stephen Elder's Answer and Counterclaim on behalf of Elder Development, Inc. (Docket No. 56) are GRANTED. California's jointly-filed Motion to Dismiss Counterclaim and Motion to Strike Affirmative Defenses and Request for Jury Trial (Docket No. 45) is GRANTED in part and DENIED in part as set forth above.

IT IS SO ORDERED.

Dated: February 22, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE