1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiffs,<br><br>vs.<br><br>STERLING CENTRECORP INC., STEPHEN P. ELDER, and ELDER DEVELOPMENT, INC.,<br><br>Defendants. | Case No. 2:08-cv-02556- MCE-JFM<br><br>**ORDER PROTECTING CONFIDENTIAL INFORMATION**<br><br>Date:  March 11, 2010<br>Time:  2:00 P.M.<br>Courtroom:  7<br>Trial Date:  March 5, 2012<br>Judge:  Judge Morrison C. England, Jr.<br><br>[Complaint Filed:  October 27, 2008] |
|---|---|

Plaintiffs, the United States of America and the California Department of Toxic Substances Control, and Defendant Sterling Centrecorp, Inc., have jointly moved the court for issuance of a protective order limiting discovery in Phase 1 of this bifurcated case. The remaining Defendants, Stephen P. Elder and Elder Development, Inc. have not opposed that motion.

Given the joint motion and the lack of any opposition, and because Phase 1 of this bifurcated case will involve the production of documents that contain information entitled to confidential treatment, the Court finds that good cause exists for issuance of an order requiring limited disclosure of such information.  The joint motion for such an order filed by the parties hereto pursuant to Federal Rule of Civil Procedure 26(c) is accordingly granted.

///

IT IS HEREBY ORDERED that the following confidentiality provisions shall apply with respect to all information disclosed pursuant to discovery in this litigation:

**PROTECTIVE ORDER**

1. Documents produced during discovery and containing information which may be entitled to confidential treatment shall be handled in accordance with the terms of this Protective Order.

2. As used in this Protective Order, the term "confidential information" means trade secrets or commercial or financial information which may be entitled to confidential treatment under 40 C.F.R. Part 2. This information has not been determined by Plaintiff under 40 C.F.R. Part 2, subpart B, not to be entitled to confidential treatment.

3. Any information to be produced pursuant to this Protective Order shall be marked conspicuously with the word "CONFIDENTIAL" by the producing party on each page of each document prior to production to the other parties. The transmittal of information designated as confidential shall be done by letter from the producing party stating that the information designated as confidential is subject to this Protective Order. Information contained in an answer to any question asked during a deposition taken pursuant to Fed. R. Civ. P. 30 or 31 may be so designated by a statement indicated on the record during the course of the deposition and on the same day that the answer is given, or within thirty (30) days after a party receives a copy of the deposition transcript. Any answers given, or exhibits introduced, during the course of a deposition that contain confidential information shall be treated as confidential under this Protective Order. Counsel conducting the deposition shall have the responsibility to exclude from that portion of the deposition in which confidential information is discussed all individuals who are not authorized to have access to confidential information pursuant to this Protective Order except for the court reporter and other officers of the court. The deposition cover page of any deposition containing confidential information shall be stamped as follows:

> This deposition contains confidential information subject to a Protective Order Governing Confidential Information entered in <u>United States of America, *et al.*</u>, v. <u>Sterling Centrecorp, Inc., *et al.*</u>, No. 2:08-cv-02556-MCE-JFM.

1    4.    Information designated as confidential under this Protective Order shall not be used or disclosed by the parties or by any other person subject to Paragraph 5 below for any purpose other than the preparation for, and trial of, this action and any appeal therein.

5.    The parties and their counsel, and any nonparty subject to this Protective Order, shall not disclose or permit disclosure of information designated as confidential to any other person including, without limitation, any officer, director, employee, agent, or representative of the parties or their counsel, or any nonparty, except in the following circumstances:

    a.    Disclosure may be made to Defendant Stephen P. Elder ("Elder"), employees of, or counsel to, a party who have responsibility for the preparation and trial of this action, or any appeal thereof.  "Counsel" shall include all attorneys and support staff of any law firm or government agency involved in the representation of a party.  Elder and any employee of a party to whom disclosure is to be made shall be advised of, and become subject to, the provisions of this Protective Order prior to such disclosure by executing the Confidentiality Agreement annexed hereto.

    b.    Disclosure may be made to consultants, witnesses, experts, or employees of experts ("Experts") employed or otherwise engaged by a party or its counsel to assist in the preparation and trial of this litigation.  Prior to disclosure to any Expert, the Expert must agree to be bound by the terms of this Protective Order by executing the Confidentiality Agreement annexed hereto.  A copy of each executed Confidentiality Agreement shall be delivered to and maintained by counsel for the party who has retained the Expert not less than five (5) business days prior to disclosure to the Expert.

    c.    Disclosure may be made during a deposition to a deposition witness not otherwise authorized to have access to confidential information only if the witnesses is first advised of the provisions of this Protective Order and agrees on the record to be bound by its terms.

///
///
///
///

        d.      Disclosure may be made by DTSC or its counsel to any state or local government agency for official use relating to the investigation of, or prosecution for, alleged or potential violations of any law, provided, as to each individual to whom such confidential information is provided, such person shall first be provided a copy of this Protective Order and shall agree in writing to be bound by its terms with respect to the use or disclosure of confidential information beyond the scope of the investigation or prosecution in which the individual is involved.

      6.      All persons subject to this Protective Order who obtain information designated as confidential hereunder shall take all necessary and appropriate measures to maintain the confidentiality of the information, shall share such information only with persons authorized to receive it pursuant to this Protective Order, and shall retain the information in a secure manner. Except as provided in Paragraph 5 above, no other person shall be permitted access to the information.

      7.      A person who obtains access to information designated as confidential under this Protective Order may make copies, duplicates, extracts, summaries, or descriptions of the information or any portion thereof only for the purpose of preparation for litigation in this matter. All copies, duplicates, extracts, summaries and descriptions of confidential documents shall be subject to the terms of this Protective Order to the same extent and manner as the confidential documents themselves.

      8.      Any information designated as confidential under this Protective Order shall be filed with the Court in sealed envelopes, or other appropriate sealed containers, on which shall be endorsed (a) the caption of this litigation, (b) an indication of the nature of the contents of such sealed envelope or container, (c) the word "CONFIDENTIAL", and (d) a statement substantially in the following form:

"This envelope, containing documents which are filed in this case by _____, is not to be opened and the contents are not to be displayed or revealed except by order of the Court or consent of the producing party."

///

9. Any unauthorized disclosure of information designated as confidential under this Protective Order shall not result in a waiver of any claim of confidentiality made by a party.

10. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude Plaintiffs or Defendants from objecting to the designation of documents or other discovery material as confidential information. In such event, the party objecting to any such designation shall have the burden of filing a motion with the Court challenging such designation; the party designating such material as confidential shall have the burden of demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this Protective Order. During the pendency of any motion under this Paragraph, the documents that are the subject of such motion shall continue to be treated as confidential under this Protective Order.

11. Any Party that receives a subpoena, Freedom of Information Act ("FOIA") request or Public Records Act request from a third party for such information, no less than thirty (30) days prior to the proposed disclosure or response to the subpoena, or FOIA or Public Records Act Request, or as soon as is reasonably practical, shall provide notice to the Party that produced the information proposed for disclosure and the legal requirement such Party believes compels the proposed disclosure. If the third party brings an action against the recipient of the subpoena, FOIA request, or Public Records Act request, the recipient shall provide notice to the Party that produced the information within ten (10) days of service of the action. The recipient of the subpoena, FOIA request, or Public Records Act request shall stipulate to the intervention by the Party that produced the information in any action that could result in the disclosure of the information.

12. Within 90 days after termination of this action by judgment, settlement or otherwise, or as may be determined by the court:

   a. Any person who obtained information designated as confidential hereunder shall assemble and return such information to the producing party, including all copies, duplicates, extracts, summaries, or descriptions of the information or portions thereof, except to the extent that such return is prohibited by state or federal recordkeeping statutes or regulations. Such return shall be certified in writing by the person who obtained the information.

1  All such information covered by this Protective Order which constitutes the work product of counsel

2  shall be destroyed, except to the extent that such destruction is prohibited by state or federal

3  recordkeeping statutes or regulations; and

4        b.      The Clerk of the Court shall maintain under seal all papers filed under seal

5  until the Court orders otherwise.

6        13.      This protective order is limited in scope to confidential information produced during

7  the discovery period of Phase 1 of this trial.  Additional or different requirements governing

8  disclosure of confidential information in Phase 2, including those governing disclosure of EPA

9  contractor CBI, may be negotiated among the parties at a later date.  Until such time that a protective

10  order governing Phase 2 documents is issued, any trade secret, commercial or financial information

11  exchanged during Phase 2 shall be treated in accordance with 40 C.F.R. Part 2.

12      IT IS SO ORDERED.

14  DATED: March 10, 2010

16                  MORRISON C. ENGLAND, JR

17                  UNITED STATES DISTRICT JUDGE

**CONFIDENTIALITY AGREEMENT**

The undersigned is employed or otherwise engaged as a consultant or contractor by the following company located at the following address:

The undersigned hereby acknowledges that he/she has read the foregoing Protective Order executed by the attorneys of record for the parties in the action presently pending in the U.S. District Court for the Eastern District of California, entitled *United States et al. v. Sterling Centrecorp, Inc., et al.,* No. 2:08-cv-02556-MCE-JFM, and that he/she understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms. The undersigned further understands that disclosure of information which has been designated as confidential by the submitter of that information may cause substantial harm to the affected business' competitive position. Accordingly, among other responsibilities, the undersigned shall only share such information with persons specifically authorized to receive the information pursuant to the Protective Order, shall retain the information in a secure manner, and shall use such information only for the purposes authorized by the Protective Order. The undersigned further understands that the pledge of confidentiality under this Agreement continues after the lawsuit is over. Furthermore, the undersigned understands that a breach of the Protective Order may subject him/her to civil claims for damages and to criminal prosecution under 42 U.S.C. § 9604(e)(7)(B).

Dated: _____

Signed: _____