UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
and CALIFORNIA DEPARTMENT
OF TOXIC SUBSTANCES CONTROL,         No. 2:08-cv-02556-MCE-JFM

      Plaintiffs,

  v.                                     **ORDER**

STERLING CENTRECORP INC.,
STEPHEN P. ELDER, and
ELDER DEVELOPMENT, INC.,

      Defendants.

----oo0oo----

This is an action brought by Plaintiffs the United States of America and the California Department of Toxic Substances Control ("Plaintiffs") pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA"), 42 U.S.C. § 9601, et seq., seeking, *inter alia*, the recovery of response costs related to the release of hazardous substances from the Lava Cap Mine Superfund Site.

///
///

1    This matter is currently set for a bench trial on
2 October 31, 2012.  On October 5, 2012, Plaintiffs requested that
3 the Court augment its Final Pretrial Order in this matter, issued
4 on October 1, 2012, so as to permit additional evidence
5 concerning Defendant's claims that a Cleanup and Abatement Order
6 ("CAO") issued by the California Regional Water Quality Control
7 Board ("Water Board") in 1979 was thereafter rescinded.
8 Plaintiffs claim that they did not know that Defendants intended
9 to make that rescission argument until mid-July of 2012, when the
10 logbook entry in question was included within Defendant's list of
11 proposed trial exhibits.  In the face of that evidence,
12 Plaintiffs seek to introduce certain documents and to offer
13 testimony from several former and current Water Board employees.
14    In opposition, Defendant points to the fact that in May of
15 2011, more than a year before Sterling identified the logbook
16 entry, Defendant made exactly the same argument in opposing
17 Plaintiffs' motion for summary judgment, arguing that "a [Water
18 Board] log book shows that the CAO was rescinded."   (ECF No. 130,
19 25:26-27).  Defendant consequently argues that Plaintiffs were on
20 notice of the issue well before July of 2012 despite their
21 argument to the contrary.
22    Modification of the PTSO in this instance is proper only if
23 the party seeking modification, here the Defendant, shows that
24 "manifest injustice" will result in the absence of modification.
25 Fed. R. Civ. Pro. 16(e); <u>Byrd v. Guess</u>, 137 F.3d 1126, 1132 (9th
26 Cir. 1998) (superseded by statute on other grounds).
27 ///
28 ///

2

1  In making that determination, the Court should consider four
2  factors: 1) the degree of prejudice or surprise to the Defendant
3  if the order is modified; 2) the ability of Defendant to cure the
4  prejudice; 3) any impact of modification on the orderly and
5  efficient conduct of the trial; and 4) any willfulness or bad
6  faith by Plaintiffs.  Id. at 1132.
7      Defendant contends that Plaintiffs have shown no
8  justification for waiting until now to address the rescission
9  issue, and that adding witnesses at this late stage and offering
10 them "for last-minute depositions is a burdensome and prejudicial
11 distraction on the eve of trial."  Def.'s Opp., 2:11-13.  The
12 Court agrees.  Given the fact that this issue surfaced at the
13 very latest almost a year before the Final Pretrial Conference,
14 adding rebuttal witnesses at this juncture, through modification
15 of the PTSO, would impact the orderly and efficient conduct of
16 the trial, and offering to submit the witnesses now for
17 deposition now, at the very eve of trial with trial preparation
18 well underway, would prejudice the Defendant.  Further, and on
19 any even more fundamental basis, the defense argues that
20 "[p]laintiffs have not shown that "manifest injustice" will
21 result if they are denied the opportunity to present this
22 additional evidence."  The Court again agrees.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Plaintiffs have not demonstrated why the evidence and testimony at issue is so critical to their case that it would amount to a manifest injustice if the FPTO were not modified to permit such evidence/testimony. Plaintiffs' Request for Modification of the Final Pretrial Order (ECF No. 189) is accordingly DENIED.

IT IS SO ORDERED.

Dated: October 29, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE