UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING CENTRECORP INC., STEPHEN P. ELDER and ELDER DEVELOPMENT, INC.,<br><br>Defendants. | No. 2:08-cv-02556-MCE-DAD<br><br>**ORDER** |

Through the present motion, Defendant Sterling Centrecorp, Inc. ("Sterling") requests that this Court certify for interlocutory appeal its June 20, 2013 Findings of Fact and June 24, 2013 Conclusions of Law entered in this matter following a four-day bench trial conducted between October 31, 2012 and November 6, 2012. See ECF Nos. 211, 213.

Plaintiffs' lawsuit seeks contribution for remedial clean-up costs incurred at a Superfund site, the former Lava Cap Mine located in Nevada County, California. Elevated levels of arsenic were disseminated at that site through tailings and waste materials generated by mine operations.

1

1 | Plaintiffs seek contribution for the costs of necessary remediation both from former
2 | owners of the site and from operators responsible for mining activities.  The Court
3 | bifurcated adjudication of the matter into two phases, with liability being determined
4 | before damages would be addressed.
5 |      Stephen Elder and Elder Development Company were found liable for clean-up
6 | costs by this Court's Memorandum and Order filed December 8, 2011, which granted
7 | Plaintiffs' summary judgment as to the Elder Defendants' liability (ECF No. 153).  By a
8 | second Memorandum and Order filed December 22, 2011 (ECF No. 154), the Court
9 | granted in part and denied in part Plaintiffs' request for summary adjudication as to
10 | Sterling's liability.  That led to the aforementioned bench trial, and the Court's
11 | preparation of a lengthy Findings of Fact and Conclusions of Law thereafter that totaled
12 | some 145 pages.
13 |      Given the fact that liability has now been established against both Sterling and the
14 | Elder Defendants, the next step is the second phase of the trial in which Plaintiffs'
15 | allowable damages for clean-up costs will be assessed.   The current motion asks the
16 | Court to certify its liability findings as to Sterling for interlocutory appeal prior to the
17 | remainder of the case being tried.
18 |      Interlocutory appeal is a special mechanism representing a departure from the
19 | usual policy of postponing appellate review until after the entry of final judgment.  It is
20 | warranted only upon a showing of exceptional circumstances. Coopers & Lybrand v.
21 | Livesay, 437 U.S. 463, 475 (1978).  The Court may certify a non-final decision for
22 | interlocutory review only if all the statutory elements are met:  1) the order "involves a
23 | controlling question of law"; 2) there is "substantial ground for difference of opinion"; and
24 | 3) "an immediate appeal from the order may materially advance the ultimate termination
25 | of the litigation.  28 U.S.C. § 1292(b); In re Cement Antitrust Litigation, 673 F.2d 1020,
26 | 1026 (9th Cir. 1982).  The moving party, here Sterling, bears the burden of establishing
27 | each element of the statute, which should be "narrowly construed."
28 | ///

Coopers & Lybrand, 437 U.S. at 475; James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

Certifying an issue for interlocutory appeal is a matter squarely within the court's discretion. Swint v. Chambers County Comm'n, 514 U.S. 35, 47 (1995). Having considered the moving papers submitted on behalf of Sterling in this regard, along with the opposition and reply, the Court declines to grant interlocutory appeal of its liability finding as to Sterling.

The Court's decision in this matter, as indicated above, was a lengthy one which found liability against Sterling on three different bases, any one of which was sufficient alone to establish liability for response costs under § 107(a) of CERCLA, 42 U.S.C. § 9607(a). Specifically, the Court found 1) that Sterling expressly and/or impliedly assumed the liability of the former owner operator Lava Cap Gold Mining Corporation ("LCGMC"); 2) that Sterling was the successor to LCGMC by de facto merger; and 3) that Sterling operated the Lava Cap Mine at the time of a disposal of a hazardous substance. See Conclusions of Law, ECF No. 211, ¶ 6.

Rather than seeking review of a discrete controlling issue as contemplated by the interlocutory appeal process, Sterling's present request seeks review on virtually every aspect of the Court's liability assessment. This scattershot approach falls short, in the Court's estimation, of the specific, fine-tuned objection that a proper interlocutory appeal request should encompass. Instead, Sterling's request here differs little from the commonplace appellate practice of appealing a final judgment on every conceivable basis. That is not the place of an interlocutory appeal, which should not become the vehicle for a party merely dissatisfied with an adverse ruling. Such dissatisfaction does not constitute the exceptional circumstances necessary for interlocutory review. Coopers & Lybrand, 437 U.S. at 475; Helman v. Alcoa Global Fasteners, Inc., 2009 WL 2058541 at *5 (C.D. Cal. 2009). ("It is not sufficient that the party seeking immediate appellate review simply disagrees with the district court's ruling.").

///

By taking issue with virtually every facet of the Court's ruling, the Court finds that no specific controlling legal question has been identified.[1]  This shortcoming is compounded by the fact that the Court's ruling, as stated above, rests on three independent grounds, any one of which is enough to establish liability on Sterling's behalf.  That makes the very concept of "controlling question" a nebulous one under the facts of this case, because even if a controlling issue could be identified as to one liability alternative, the other two bases for finding Sterling responsible still stand.  This posture also causes the Court to determine that the litigation will not be materially advanced through submission of an interlocutory appeal, as § 1292 requires.

Interlocutory appeal is only appropriate where immediate appellate review will avoid protracted and expensive litigation.  In re Cement Antitrust Litigation, 673 F.2d at 1026.  Here, as Plaintiffs point out, the liability phase of this trial will still go forward against the Elder Defendants.  The remaining litigation, as to the amount and nature of clean-up costs incurred by Plaintiffs, will not involve the issues Sterling seeks to raise through immediate appeal, and is not specific to a particular Defendant as was the case with liability.  These circumstances make it hard to imagine how the interlocutory appeal advanced by Sterling will advance the ultimate termination of this litigation.  Instead, the most expeditious course in this Court's view is to complete the remainder of trial at this juncture, after which time Sterling will be free to pursue the wide-reaching appeal it asks the Court to now approve as an interim measure.

///
///
///
///
///

---

[1] The court rejects Sterling's argument that where liability and damages are bifurcated, the determination of liability itself should constitute a controlling question of law.  If Sterling's position in that regard was correct, every adverse liability ruling would give rise to an immediate interlocutory appeal.  That cannot be the law.

Because the Court finds that Sterling has not identified any single controlling issue of law that could affect the outcome of this entire litigation, and because the wholesale liability appeal it advocates will offer little if any time savings in adjudicating the remainder of this matter at trial, the Court finds this matter inappropriate for interlocutory appeal on two of the three grounds that Sterling, in advocating interlocutory appeal, has the burden of establishing.  Consequently, while Sterling devotes substantial effort in its Motion to show that there is a substantial ground for difference of opinion as to many of the issues resolved against it, in the absence of a positive showing on the other two statutory facts required under 28 U.S.C. § 1292(b), the Court need not revisit its entire findings in that regard, and it declines to do so.

Sterling's Motion for Certification for Immediate Appeal (ECF No. 215) is DENIED.[2]

IT IS SO ORDERED.

Dated: February 4, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).