1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA, and          Case No. 2:08-cv-02556- MCE-JFM
     CALIFORNIA DEPARTMENT OF TOXIC
12   SUBSTANCES CONTROL,

13              Plaintiffs,                  **PHASE II PRETRIAL SCHEDULING
                                             ORDER**
14       vs.

15   STERLING CENTRECORP INC., STEPHEN P.
     ELDER, and ELDER DEVELOPMENT, INC.,
16

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS, the Court, on March 24, 2009, entered an order bifurcating this litigation into

2    two phases (see Docket No. 26), and

3    WHEREAS, Phase 1 of the litigation has now concluded, and

4    WHEREAS, pursuant to the March 24, 2009 Order, Phase 2 of the litigation is comprised of

5    discovery and trial on Plaintiffs' entitlement to the response costs sought. Defendant Sterling will be

6    permitted to raise in Phase 2 a statute of limitations defense to costs incurred prior to execution of

7    the Record of Decision for the Mine Area Operable Unit in September 2004.  Defendant Sterling

8    also will be permitted to try a counterclaim against Plaintiff United States pursuant to the Court's

9    Order of October 16, 2009;

10    WHEREAS, attempts to negotiate a Stipulation and Proposed Phase II Pretrial Scheduling

11    Order with Defendants Stephen P. Elder and Elder Development, Inc., have been unsuccessful; and

12    WHEREAS, the Plaintiffs and Defendant Sterling have entered into a Stipulation lodged with

13    the Court on May 14, 2014 (ECF No. 224) and have moved the Court to enter it as an order;

14    NOW THEREFORE, pursuant to said May 14, 2014 Stipulation, and good cause appearing,

15    the Court adopts the following Phase II Pretrial Scheduling Order:

16    I.    SERVICE OF PROCESS

17    All named Defendants have been served and no further service is permitted without leave of

18    court, good cause having been shown.

19    II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

20    No joinder of parties or amendments to pleadings is permitted without leave of court, good

21    cause having been shown.

22    III.    JURISDICTION/VENUE

23    Jurisdiction is predicated upon 28 U.S.C. sections 1331 and 1345 and 42 U.S.C. section

24    9613(b). Jurisdiction and venue are not contested.

25    IV.    DISCOVERY

26    A.    All discovery, with the exception of expert discovery, shall be completed by

27    **September 18, 2015**.  In this context, "completed" means that all discovery shall have been

28    conducted so that all depositions have been taken and any disputes relative to discovery shall have

-2-

1    been resolved by appropriate order if necessary and, where discovery has been ordered, the order has

2    been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in

3    accordance with the local rules of this Court.

4            B.      The parties mutually seek to reduce the time, expense and other burdens of discovery,

5    and to better define the scope of their obligations with respect to collection, review and production

6    of relevant information.  Plaintiffs and Defendant Sterling therefore are entering into this Stipulation,

7    and the Court orders, that the scope of discovery in this Phase 2 of litigation shall be limited to the

8    subjects identified in the Court's March 24, 2009 Order, as amended by the Court's Order dated

9    October 16, 2009 (Docket No. 40).

10           1.      Within **120 days** of the Court's entry of this Order, the parties shall make disclosures

11   under Fed. R. Civ. P. 26(a).  Plaintiffs and Defendant Sterling agree, and the Court orders that, with

12   respect to compliance with the provisions of Fed. R. Civ. P. 26(a)(ii):

13                   (a)     Plaintiffs' obligation to make disclosures is limited to the following

14   documents:

15                           (i)     the administrative records for the two Records of Decision and two

16   removal actions performed at the Lava Cap Superfund Site;

17                           (ii)    EPA's Cost Documentation Package, which includes financial cost

18   and work performed supporting documentation. The supporting financial cost documentation

19   generally includes a SCORPIOS (Superfund Cost Recovery Package Imaging and On-line System)

20   cost summary Report, EPA employees' timesheets and travel documents, contract public vouchers,

21   proof of payments, interagency agreements, and state cooperative agreements.  The supporting work

22   performed documentation generally includes EPA work orders and work assignments, EPA

23   statements of work, and progress reports from contractors, grant recipients, and other federal

24   agencies;

25                           (iii)   pollution reports associated with the removal actions performed at the

26   Lava Cap Superfund Site; and

27                           (iv)    DTSC's cost summary and supporting cost documentation.

28   ///

        (b)        Defendant Sterling's obligation to make disclosures is limited to the following documents:

        (i)        documents relevant to Sterling's counterclaim; and

        (ii)        documents relevant to any defenses Sterling intends to prove.

        (c)        This Order does not modify the obligations of Defendants Stephen P. Elder and Elder Development, Inc., with respect to their obligations under Fed. R. Civ. P. 26(a)(ii).

    2.     Prior to making Rule 26(a) disclosures, Defendant Sterling and Plaintiff United States of America shall agree on a scope of documents relating to the War Production Board to be obtained from the National Archives and Records Administration. If Defendant Sterling is seeking to recover response costs from Plaintiff United States of America pursuant to its counterclaim, Defendant Sterling shall produce the documents relating to such claims during this phase of the case.

    3.     Plaintiffs and Defendant Sterling intend to exchange most, if not all, relevant information through Rule 26(a) disclosures. If, after reviewing such disclosures, a party identifies a need for additional information, that party shall serve interrogatories and document requests on that issue within **60 days** of the parties' Rule 26(a) disclosures. Thereafter, the parties shall meet and confer to determine whether the scope of the interrogatories and requests may be focused on the issues identified. A party shall have 30 days from the date of the meet and confer to respond to any discovery served upon it, unless the serving party agrees to an extension. All discovery of electronically stored information shall be conducted pursuant to the terms in Paragraph IV(C) below. In no event shall Plaintiffs be required to produce or log the emails of attorneys at the Department of Justice, EPA Office of Regional Counsel, EPA Headquarters, the U.S. Department of Commerce, the California Attorney General's Office, or the California Department of Toxic Substances Control. In no event shall Defendant Sterling be required to produce or log the emails of attorneys at Beveridge & Diamond, or of Sterling in-house counsel.

    C.    Electronically Stored Information. At this time, Plaintiffs and Defendant Sterling do not contemplate the exchange of any electronically stored information. If a party identifies a need for such information pursuant to subparagraph IV(B)(3) above, the parties shall conduct discovery of electronically stored information pursuant to this paragraph C. Plaintiffs and Defendant Sterling

mutually seek to reduce the time, expense and other burdens of discovery of certain electronically stored information and privileged materials, as described further below, and to better define the scope of their obligations with respect to preserving such information and materials.  Plaintiffs and Defendant Sterling therefore are entering into this Stipulation, and the Court orders:

       1.     Preservation Not Required for Not Reasonably Accessible Electronic Information.

       a.     Except as provided in subparagraph (b) below, the parties need not preserve the following categories of electronic information for this litigation:

       i.     Data duplicated in any electronic backup system for the purpose of system recovery or information restoration, including but not limited to, system recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy;

       ii.     Voicemail messages;

       iii.     Instant messages such as messages sent on AOL Instant Messenger or Microsoft Communicator;

       iv.     Text messages, such as cell phone to cell phone SMS messages;

       v.     Electronic mail sent to or from a personal digital assistant ("PDA") or smartphone (e.g., BlackBerry) provided that a copy of such email is routinely saved elsewhere;

       v.     Other electronic data stored on a PDA or smartphone, such as calendar or contract data or notes, provided that a copy of such information is routinely saved elsewhere;

       vi.     Logs of calls made from cellular phones;

       vii.     Deleted computer files, whether fragmented or whole;

///

///

1        viii. Data stored in random access memory ("RAM"), cache

2 memory, or in temporary or cache files, including internet history, web browser cache and cookie

3 files, wherever located;

4        ix. Data stored on photocopiers, scanners, and fax machines;

5        x. Server, system, or network logs; and

6        xi. Electronic data temporarily stored by scientific equipment or

7 attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is,

8 in fact, preserved in its ordinary location and form.

9      b. Notwithstanding subparagraph (a) above, if on the date of this

10 agreement any party has a policy established by management that results in the routine preservation

11 of any of the categories of information identified in subparagraph (a), such party shall continue to

12 preserve such information in accordance with its policy.

13      2. Obligations Related to "Draft" Documents and "Non-Identical" Documents.

14 For the purposes of preserving potentially discoverable material in this litigation, and for purposes of

15 discovery in this litigation, a "draft" document, regardless of whether it is in an electronic or hard

16 copy form, shall mean, "a preliminary version of a document that has been shared by the author with

17 another person (by email, print, or otherwise) or that the author no longer intends to finalize or to

18 share with another person."  In addition, a "non-identical" document is one that shows at least one

19 facial change such as the inclusion of highlights, underlining, marginalia, total pages, attachments,

20 markings, revisions, or the inclusion of tracked changes.   The parties need not preserve for

21 discovery a document before and after every change made to it, so long as "draft" documents, as

22 defined by this paragraph, are preserved.   A document that is identical on its face to another

23 document, but has small detectable differences in the metadata, shall be considered an identical

24 copy.

25      3. No Discovery of Material Not Required To Be Preserved.  The parties will not

26 seek discovery of items that need not be preserved pursuant to subparagraphs (C)(1)-(2) above.  If

27 any discovery request is susceptible of a construction which calls for the production of items that

28 ///

1    need not be preserved pursuant to paragraphs (C)(1)-(2), such items need not be searched for,

2    produced, or identified on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

3        4.  Preservation Does Not Affect Discoverability or Claims of Privilege. By

4    preserving information for the purpose of this litigation, the parties are not conceding that such

5    material is discoverable, nor are they waiving any claim of privilege.   Except as otherwise provided

6    in subparagraphs (C)(1)(b) and (C)(2), and in Section IV(E), nothing in this Stipulation shall alter

7    the obligations of the parties to provide a privilege log for material withheld under a claim of

8    privilege.

9        5.  Format for Production:  Plaintiffs and Defendant Sterling stipulate, and the

10   Court orders, the following methods of production:

11       a.  Paper documents: At the Producing Party's discretion, documents on

12   paper may be produced on paper or may be scanned and produced on CD-ROM, DVD-ROM, or

13   external hard drive.

14       b.  Paper documents that are produced on disc shall be scanned as 300 dpi

15   single-page TIFF files, using CCITT Group IV compression. Each page shall be branded with a

16   unique Bates number, which shall not be an overlay of the image. The images shall be accompanied

17   by: (1) an OpticonTM or IPRO® "cross reference file" which associates each Bates number with its

18   corresponding single-page TIFF image file; and (2) a "text load file" containing comma delimited,

19   double-quotation qualified ASCII text which will populate fields in a searchable flat database

20   environment, containing one line for each document and each of the applicable fields as described in

21   Appendix A;

22       c.  Word, WordPerfect, and PDF documents will be converted to single-

23   page TIFF images and produced consistent with the specifications in subparagraph (C)(5)(b), except

24   that the text load file shall contain the extracted text from each document in place of OCR text,

25   unless the document contains redactions, in which case OCR text may be provided. If the document

26   contains comments or tracked changes, the TIFF images shall be generated based on how the

27   document appears when first opened using view settings contained in the file, and the receiving party

28   shall have the option, after reviewing the produced TIFF image, to request the native file;

d. Microsoft PowerPoint files will be processed and produced in the same manner as Word, WordPerfect, and PDF documents, except that the images shall be generated as full color, full page, JPEG images with one slide per page.  Notes and other text that would not appear on the screen in the presentation view need not be shown on the JPEG images. The receiving party shall have the option, after reviewing the produced images, to request the native files;

e. E-mail and attachments should be converted to single-page TIFF images and produced consistent with the specification in subparagraph (C)(5)(b). If the producing party redacts any part of the e-mail before producing it, OCR text may be provided in place of extracted text. Attachments shall be processed as though they were separate documents, and the text load file shall include a field in which the producing party shall identify, for each e-mail, the bates range of any attachment;

f. Microsoft Excel files and other spreadsheets will be produced in native file format in a separate folder on the production media, and the text load file shall contain a field that identifies the file path of the native file corresponding to each document;

g. Digital photographs will be produced as image files at their original resolution with bates numbers branded onto them;

h. Embedded files shall be treated as though they were separate files, except that the text load file shall include a field in which the producing party shall identify, for each document containing an embedded file, the bates range of any such embedded file. This bates range may be identified in the same field as the Bates range of an e-mail attachment.

i. Before any party produces any other kinds of electronic data, including databases, CAD drawings, GIS data, videos, etc., the parties will meet and confer to discuss the format for the production;

j. The parties will meet and confer to identify mutually agreeable search terms for email messages and other electronically stored information, however, this agreement to meet and confer does not obligate any party to agree to perform an electronic search.

6. Other Preservation Obligations Not Affected.  Nothing in this agreement shall affect any other obligations of the parties to preserve documents or information for other purposes,

1  such as pursuant to court order, administrative order, statute, or in response to other anticipated

2  litigation.

3          7.      Meet and Confer Requirement.  Before filing any motion with the Court

4  regarding electronic discovery or evidence, the parties will meet and confer in a good faith attempt

5  to resolve such disputes.

6      D.    Protection of Privileges.

7          1.      Plaintiffs and Defendant Sterling agree that this Stipulation and Order from

8  the Court invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence.

9          2.      The prosecution and defense of this action will require each party to review

10  and to disclose very large quantities of information and documents, including electronically stored

11  information, through the discovery process. As a result, record-by-record preproduction privilege

12  review would likely impose an undue burden on the parties' resources.

13          3.      Each party shall examine the files containing documents to be produced and

14  shall screen documents for privilege.  Such examination shall be performed with due regard for the

15  likelihood that the files contain privileged documents, but may rely on sampling or electronic

16  searching.

17          4.      If a producing party determines that it has produced a document upon which it

18  wishes to make a claim of privilege, the producing party shall within 14 days give all counsel of

19  record notice of the claim of privilege.  The notice shall identify the document(s) that is (are)

20  privileged and the date the document(s) was (were) produced.  If the producing party claims that

21  only a portion of the document is privileged, the producing party shall provide, along with the notice

22  of the claim of privilege, a new copy of the document with the allegedly privileged portions

23  redacted.

24          5.      A receiving party is under a good-faith obligation to notify the producing

25  party upon identification of a document which appears on its face or in light of facts known to the

26  receiving Party to be potentially privileged.  Such notification shall not waive the receiving party's

27  ability to subsequently challenge any assertion of privilege with respect to the identified document.

28  The producing party shall provide notice under subparagraph (D)(4) above within five (5) business

days of notification of production of a potentially privileged document by the receiving party if the

producing party believes the document to be privileged.

       6.     Upon receiving notice of a claim of privilege on a produced document, the

receiving party must, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the

specified information and any copies it has and may not use or disclose the information, except as

provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved.  If the receiving party disclosed

the information before being notified, it must take reasonable steps to prevent further use of such

information until the claim is resolved.  The parties will follow the procedure described in Fed. R.

Civ. P. 26(b)(5)(B) for documents produced in this litigation regardless of whether the producing

party asserts its claim of privilege during or after this litigation.

       7.     Pursuant to Federal Rule of Evidence 502(d), the disclosure of privileged

information or documents in discovery conducted in this litigation consistent with the terms of this

order shall not waive the claim of privilege or protection in any other federal or state proceeding.

     E.     Privileged Materials Located in the Offices of Counsel.   The parties agree that, in

response to discovery requests, the parties need not search for and produce, nor create a privilege log

for, any privileged material which is located in the offices of the U.S. Department of Justice, EPA's

Office of Regional Counsel, lawyers in EPA Headquarters or the U.S. Department of Commerce, the

California Department of Justice, lawyers in the California Department of Toxic Substances Control,

Beveridge & Diamond, or Sterling in-house counsel.  The parties shall not keep discoverable

materials in the offices covered by this paragraph unless a copy or duplicate of the materials is

located elsewhere in the possession, custody, or control of the party and such copy or duplicate is

identical except for marks, notes, or annotation provided by counsel.

     F.     Costs of Document Production.  Each party shall bear the costs of producing its own

documents.

     G.     Expert Discovery

       1.     Each party shall produce the following regarding expert discovery at the time

the expert reports will be exchanged between the parties:

///

1            a.      An identification of the data, documents, or other information

2 considered by the expert witness in forming the opinions expressed in the expert report;

3            b.      The curriculum vitae of the expert;

4            c.      A description of the compensation to be paid to the expert;

5            d.      A list of the expert's professional publications within the last ten

6 years; and

7            e.      A list of any other cases in which the expert has testified as an expert

8 at trial or by deposition within the last four years.

9        2.      No party shall pursue through discovery, trial subpoena, or otherwise:

10            a.      Draft expert reports, regardless of the form of the draft;

11            b.      Expert notes;

12            c.      Expert correspondence; and

13            d.      Communications between a party's attorney and any witness required

14 to provide a report under Fed. R. Civ. P. 26(a)(2)(B) regardless of the form of the communications,

15 except to the extent that the communications:

16               i.      Relate to compensation for the expert's study or testimony;

17 ///

18               ii.      Identify facts or data that a party's attorney provided and that

19 the expert considered in forming the opinions to be expressed; or

20               iii.      Identify assumptions that a party's attorney provided and that

21 the expert relied upon in forming the opinions to be expressed.

22        3.      The parties shall bear the costs of their own testifying experts in responding to

23 discovery, and not require the party seeking discovery to pay the other party's testifying expert any

24 fee for the time spent in responding to discovery.

25      H.      Integration/Appendices.  The following documents are incorporated herein by

26 reference:

27      "Appendix A" is a table describing the fields to be included in the databases produced by

28 each party.

1  V.      DISCLOSURE OF EXPERT WITNESSES

2          A.      All expert discovery shall be completed by **November 18, 2015**.  All counsel are to

3  designate in writing, file with the Court, and serve upon all other parties the name, address, and area

4  of expertise of each expert that they propose to tender at trial not later than **August 11, 2015**.[1] The

5  designation shall be accompanied by a written report prepared and signed by the witness. The report

6  shall comply with Fed. R. Civ. P. 26(a)(2)(B).

7          B.      Within **45 days** after the designation of expert witnesses, any party may designate a

8  supplemental list of expert witnesses who will express an opinion on a subject covered by an expert

9  designated by an adverse party.

10         C.      The right to designate a supplemental expert for rebuttal purposes only shall apply to

11  a party who has not previously disclosed an expert witness on the date set for expert witness

12  disclosure by this Pretrial Scheduling Order.

13         D.      Failure of a party to comply with the disclosure schedule as set forth above in all

14  likelihood will preclude that party from calling the expert witness at the time of trial. An expert

15  witness not appearing on the designation will not be permitted to testify unless the party offering the

16  witness demonstrates:

17                 (1)      that the necessity for the witness could not have been reasonably anticipated at

18  the time the list was proffered;

19                 (2)      that the Court and opposing counsel were promptly notified upon discovery of

20  the witness; and

21                 (3)      that the witness was promptly made available for deposition.

22         E.      For purposes of this Pretrial Scheduling Order, an "expert" is any person who may be

23  used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence,

24  which include both "percipient experts" (persons who, because of their expertise, have rendered

25  expert opinions in the normal course of their work duties or observations pertinent to the issues in

26

27  ---
    [1] The discovery of experts will include whether any motions based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S. Ct. 2786 (1993), and/or *Kumho Tire Co. v. Carmichael,*
28  526 U.S. 137, 119 S. Ct. 1167 (1999), are anticipated.

the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

F.    Each party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

G.    All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

H.    Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

VI.    MOTION HEARING SCHEDULE

A.    There are no motions pending before this Court. Should the parties intend to file any new motions, they are directed to file in accordance with the local rules.

B.    All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **March 17, 2016**. The parties are responsible for ensuring that all motions are filed to allow for proper notice of the hearing under the Federal Rules of Civil Procedure and/or Local Rules. Available hearing dates may be obtained by calling Stephanie Deutsch, Courtroom Deputy Clerk, at (916) 930-4207.

C.    All purely legal issues are to be resolved by timely pretrial motions.[2] Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

(1)    The opposition and reply must be filed by **4:00 p.m.** on the day due; and

(2)    When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

D.     Failure to comply with Local Rule 230(c), as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily. Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

E.     The Court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least seven (7) days prior to the filing of the motion.

F.     For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

G.     The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence. The Court will look with disfavor upon dispositional motions (except for those noted in paragraph V(D)) presented at the Final Pretrial Conference or at trial in the guise of motions in limine.

H.     The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the Court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

VII.   FINAL PRETRIAL CONFERENCE

A.     The Final Pretrial Conference is set for **May 26, 2016,** at **2:00 p.m.**  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

B.     Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

///

///

C.      The parties shall file, not later than **May 5, 2016**, a Joint Final Pretrial Conference Statement. The provisions of Local Rules 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement.

D.      In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution. Failure to comply with Local Rule 281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

E.      At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists. **These documents shall be sent to: mceorders@caed.uscourts.gov.**

F.      The parties should identify first the core undisputed facts relevant to all claims. The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim. The disputed facts should be identified in the same manner. Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party. Each disputed fact or undisputed fact should be separately numbered or lettered.

G.      Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

H.      Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs. Points of law should reflect issues derived from the core undisputed and disputed facts. Parties shall not include argument or authorities with any point of law.

I.      The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial. The purpose of the joint statement is to inform the jury what the case is about.

J.      The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.

1   After the name of each witness, each party shall provide a brief statement of the nature of the

2   testimony to be proffered. The parties may file a joint list or each party may file separate lists. These

3   list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but

4   shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

5   　　　　K.　　Plaintiffs' exhibits shall be listed numerically. Defendants' exhibits shall be listed

6   alphabetically. The parties shall use the standard exhibit stickers provided by the Court Clerk's

7   Office: pink for Plaintiffs and blue for Defendants. In the event that the alphabet is exhausted, the

8   exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc. After three letters, note the number of

9   letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.

10   　　　　L.　　All multi-page exhibits shall be stapled or otherwise fastened together and each page

11   within the exhibit shall be numbered. All photographs shall be marked individually. The list of

12   exhibits shall not include excerpts of depositions, which may be used to impeach witnesses. In the

13   event that Plaintiffs and Defendants offer the same exhibit during trial, that exhibit shall be referred

14   to by the designation the exhibit is <u>first identified</u>. The Court cautions the parties to pay attention to

15   this detail so that all concerned, including the jury, will not be confused by one exhibit being

16   identified with both a number and a letter.

17   　　　　M.　　The Final Pretrial Order will contain a stringent standard for the offering at trial of

18   witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the

19   standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party

20   does not intend to offer will be viewed as an abuse of the court's processes.

21   　　　　N.　　The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil

22   Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the formulation

23   and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of

24   facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative

25   evidence. Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and

26   participate in good faith at the Final Pretrial Conference with these aims in mind. A failure to do so

27   may result in the imposition of sanctions which may include monetary sanctions, orders precluding

28   proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

VIII.   TRIAL BRIEFS

   A.   The parties shall file trial briefs not later than **May 12, 2016** by **4:00 p.m.** Counsel are directed to Local Rule 285 regarding the content of trial briefs.

IX.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS

   A.   Any evidentiary or procedural motions are to be filed by **May 5, 2016.**  Oppositions must be filed by **May 12, 2016**, and any reply must be filed by **May 19, 2016**.  The motions will be heard by the Court at the same time as the Final Pretrial Conference.

X.   TRIAL SETTING

   A.   The trial is set for **July 18, 2016,** at **9:00 a.m.**  Trial will be a bench trial. The parties estimate a trial length of five (5) days.

XI.   SETTLEMENT CONFERENCE

   A.   No settlement conference is currently scheduled. A settlement conference may be set at the parties' request. In the event a settlement conference date is requested, the parties shall file said request jointly, in writing.

   B.   Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least **seven (7) calendar days** before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement. Such statements are neither to be filed with the Clerk nor served on opposing counsel. Each party, however, shall serve notice on all other parties that the statement has been submitted. If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

   C.   After the Final Pretrial Conference, the Court will not set a settlement conference. The parties are free, however, to continue to mediate or attempt to settle the case with the understanding that the trial date is a firm date.

XII.   VOLUNTARY DISPUTE RESOLUTION PROGRAM

   A.   Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed order requesting referral to the Voluntary Dispute Resolution Program.

///

-17-

XIII.   MODIFICATION OF PRETRIAL SCHEDULING ORDER

A.     The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of good cause. Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute **good cause**. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

XIV.   OBJECTIONS TO PRETRIAL SCHEDULING ORDER

A.     This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) court days of the date this Order is electronically filed.

IT IS SO ORDERED.

Dated:  September 26, 2014

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

Appendix A:
Fields to Exchange in Databases of Discovery Materials

| Name of Field | Type of field | Contents | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing or PDFs | Spreadsheets | Digital Photos | Paper |
| Begin_Bates | Text | Bates number for the TIFF image of the first page | Bates number for the TIFF image of the first page | Bates number for the TIFF image of the first page, or, if spreadsheets are not TIFFed, the Bates number of the placeholder page | Bates number branded onto a TIFF file that has the same resolution as the native image file. | Bates number for the TIFF image of the first page |
| End_Bates | Text | Bates number for the TIFF image of the last page | Bates number for the TIFF image of the last page | Bates number for the TIFF image of the last page or, if spreadsheets are not TIFFed, the Bates number of the placeholder page | Bates number branded onto the native image file | Bates number for the TIFF image of the last page |
| Attachment | Text | Bates range of the attachments. Only the first page of the first attachment and the last page of the last attachment are indicated. | Bates range of all embedded files and all documents (including e-mails) to which this file was attached or in which it was embedded. Only the first page of the first attachment and the last page of the last attachment are indicated. | Bates range of all embedded files and all documents (including e-mails) to which this file was attached or in which it was embedded. Only the first page of the first attachment and the last page of the last attachment are indicated. | Bates range of all documents (including e-mails) to which this file was attached or in which it was embedded. Only the first page of the first attachment and the last page of the last attachment are indicated. | Bates range of all document that were physically attached by clips, staples, or binding. Only the first page of the first attachment and the last page of the last attachment are indicated. |
| Author | Paragraph | "From" field | <blank> | <blank> | <blank> | <blank> |
| To | Paragraph | "To" field | <blank> | <blank> | <blank> | <blank> |
| CC | Paragraph | "CC" field | <blank> | <blank> | <blank> | <blank> |
| BCC | Paragraph | "BCC" field | <blank> | <blank> | <blank> | <blank> |
| Subject | Paragraph | "Subject" field | <blank> | <blank> | <blank> | <blank> |
| DateSent | Date | The date and time the message was sent | <blank> | <blank> | <blank> | <blank> |

| Name of Field | Type of field | Contents | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing or PDFs | Spreadsheets | Digital Photos | Paper |
| Message_ID | Text | For e-mails in Microsoft Outlook, the "Message ID" field; For e-mail stored in Lotus Notes, the UNID field | \<blank\> | \<blank\> | \<blank\> | \<blank\> |
| Filename | Paragraph | \<blank\> | The name the file | The name the file | The name the file | \<blank\> |
| Native_File | Paragraph | \<blank\> | The path to the native file on the production media | The path to the native file on the production media | \<blank\> | \<blank\> |
| Text | Paragraph | Text extracted from the message body | Text extracted from the file. However, if the file does not contain text or if redactions were made, then OCR text shall be provided. | Text extracted from the file or if redactions were made, then OCR text shall be provided. | \<blank\> | OCR Text |