1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| UNITED STATES OF AMERICA, and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, | Case No. 2:08-cv-02556- MCE-JFM |
|---|---|
| Plaintiffs, | **STIPULATION AND ORDER PROTECTING CONFIDENTIAL INFORMATION IN PHASE 2** |
| vs. | Date:   January 22, 2015<br>Time:   2:00 pm<br>Courtroom: 7<br>Trial Date:  July 18, 2016<br>Judge:  Judge Morrison C. England, Jr. |
| STERLING CENTRECORP INC., STEPHEN P. ELDER, and ELDER DEVELOPMENT, INC., | |
| Defendants. | [Complaint Filed:  October 27, 2008] |

Plaintiffs, the United States of America, on behalf of the Environmental Protection Agency ("EPA"), and the California Department of Toxic Substances Control, and Defendant Sterling Centrecorp, Inc., have hereby stipulated that discovery in Phase 2 of this bifurcated case will involve the production of documents that contain information which may be entitled to confidential treatment. In view of this stipulation, the Court finds that good cause exists for issuance of an order requiring limited disclosure of such information during Phase 2 of the proceeding. Upon consideration of the motion for such an order filed by the parties identified above, and pursuant to Rule 26(c), Federal Rules of Civil Procedure,

It is hereby ORDERED:

1.      A party shall produce documents containing information which may be entitled to confidential treatment to the other parties, and such documents shall be handled in accordance with the terms of this Stipulation and Protective Order ("Protective Order").

2.      As used in this Protective Order, the term "confidential information" means trade secrets or commercial or financial information which may be entitled to confidential treatment under 40 C.F.R. Part 2 (often referred to as "confidential business information" or "CBI"). This information has not been determined by Plaintiff under 40 C.F.R. Part 2, subpart B, not to be entitled to confidential treatment.

3.      Any information to be produced pursuant to this Protective Order shall be marked conspicuously with the words "CLAIMED AS CONFIDENTIAL BUSINESS INFORMATION" or "CLAIMED AS CBI" by the producing party on each page of each document prior to production to the other parties. The transmittal of information designated as confidential shall state that the information designated as confidential is subject to this Protective Order.

4.      Information designated as confidential under this Protective Order shall not be used or disclosed by the parties or any other person subject to Paragraph 7 below for any purpose other than the preparation for, and trial of, this action and any appeal therein.

5.      The parties and their counsel, and any nonparty subject to this Protective Order, shall not disclose or permit disclosure of information designated as confidential to any other person including, without limitation, any officer, director, employee, agent, or representative of the parties or their counsel, or any nonparty, except in the following circumstances:

   a.     Disclosure may be made to employees of a party who have responsibility for the preparation and trial of this action, or any appeal thereof.  Any employee of a party to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order prior to such disclosure by executing the Confidentiality Agreement annexed hereto. A copy of each executed Confidentiality Agreement shall be delivered to and maintained by counsel for the party not less than five (5) business days prior to disclosure to the employee of the party.  Employees do

not include persons, firms, or corporations engaged by a party or counsel for a party on a contract basis, who shall be subject to the requirements of subparagraph (b) of this Paragraph.

  b. Disclosure may be made to counsel of a party and to any employees of counsel who have responsibility for the preparation and trial of this action, or any appeal thereof.  By signing this Protective Order counsel is advised of and subject to its provisions.  Prior to disclosure to any employee of counsel, counsel must advise the employee of the provisions of this Protective Order and that such employee is subject to these provisions.  Counsel must further advise such employee that a breach of this Protective Order may subject him/her to civil claims for damages and to criminal prosecution under 42 U.S.C. § 9604(e)(7)(B).

  c. Disclosure may be made to consultants, witnesses, experts, or employees of experts ("Experts") employed or otherwise engaged by a party or its counsel to assist in the preparation and trial of this litigation, and to court reporters and employees of court reporters involved in depositions in this litigation.  Prior to disclosure to any Expert, the Expert must agree to be bound by the terms of this Protective Order by executing the Confidentiality Agreement annexed hereto.  A copy of each executed Confidentiality Agreement shall be delivered to and maintained by counsel for the party who has retained the Expert not less than five (5) business days prior to disclosure to the Expert.

6. All persons subject to this Protective Order who obtain information designated as confidential hereunder shall take all necessary and appropriate measures to maintain the confidentiality of the information, shall share such information only with persons authorized to receive it pursuant to this Protective Order, and shall retain the information in a secure manner. Except as provided in Paragraph 5 above, no other person shall be permitted access to the information.

7. A person who obtains access to information designated as confidential under this Protective Order may make copies, duplicates, extracts, summaries, or descriptions of the information or any portion thereof only for the purpose of preparation for litigation in this matter. All copies, duplicates,

extracts, summaries and descriptions of confidential documents shall be subject to the terms of this Protective Order to the same extent and manner as the confidential documents themselves.

8.   All information provided to the Court in this action is presumed public, but may be sealed pursuant to a Court order sought by a party in conformance with Eastern District Local Rule 141 ("L.R. 141").

    a.   A party that intends to file with the Court, or seeks to use at trial, any material which it has designated as confidential pursuant to this Order may seek to have the record containing such information sealed pursuant to L.R. 141.

    b.   A party that intends to file with the Court, or seeks to use at trial, any material which another party has designated as confidential pursuant to this Order shall give notice to all other parties of the submitting party's intention to file or use such information, and must specifically identify the information it intends to submit.  Any affected party may then seek to have the record containing such information sealed pursuant to L.R. 141.

    c.   A party may oppose any request to seal documents by submitting opposition papers pursuant to L.R. 141 within three days of the date of service of the request.

9.   Any unauthorized disclosure of information designated as confidential under this Protective Order shall not result in a waiver of any claim of confidentiality made by a party.

10.   Within 90 days after termination of this action by judgment, settlement or otherwise, or as may be determined by the court or EPA, subject to federal recordkeeping requirements and other legal obligations, and upon request by the providing Party:

    a.   Any person who obtained information designated as confidential hereunder shall assemble and return such information to the producing party, including all copies, duplicates, extracts, summaries, or descriptions of the information or portions thereof, but not including work product of counsel or electronically stored information. Such return shall be certified in writing by the person who obtained the information.  All such information covered by this Protective Order

-4-

which constitutes the work product of counsel or electronically stored information shall be destroyed; and

     b.     The Clerk of the Court shall maintain under seal all papers filed under seal until the Court orders otherwise.

**SO STIPULATED:**

For Plaintiff United States of America

DATED: 12/19/2014

/s/
PATRICIA L. HURST
GABRIEL ALLEN
Environmental Enforcement Section
PAUL CIRINO
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone: (415) 744-6470
Facsimile: (415) 744-6476

For Plaintiff Department of Toxic Substances Control

EDMUND G. BROWN JR.
Attorney General of California
KEN ALEX
Senior Assistant Attorney General

DATED: 12/18/2014

/s/
KIRK MCINNIS
Deputy Attorney General
1515 Clay St., 20th Floor
P.O. Box 70550
Oakland, CA 94612

For Defendant Sterling Centrecorp, Inc.

DATED: 12/19/2014

/s/
ANDREW C. MAYER
Beveridge & Diamond, P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104

-5-

## ORDER

In accordance with the foregoing stipulation of counsel, having received no opposition from Defendant Stephen Elder to the underlying Motion to Enter Proposed Phase II Protective Order (ECF No. 231), and good cause appearing, IT IS SO ORDERED.

Dated: February 11, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

**Confidentiality Agreement**

The undersigned is employed or otherwise engaged as a consultant or contractor by the following company located at the following address:




The undersigned hereby acknowledges that he/she has read the foregoing Stipulation and Protective Order ("Protective Order") executed by the attorneys of record for the parties in the action presently pending in the U.S. District Court for the Eastern District of California, entitled *United States et al. v. Sterling Centrecorp, Inc., et al.*, No. 2:08-cv-02556-MCE-JFM, and that he/she understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms. The undersigned further understands that disclosure of information which has been designated as confidential by the submitter of that information may cause substantial harm to the affected business' competitive position. Accordingly, among other responsibilities, the undersigned shall only share such information with persons specifically authorized to receive the information pursuant to the Protective Order, shall retain the information in a secure manner, and shall use such information only for the purposes authorized by the Protective Order. The undersigned further understands that the pledge of confidentiality under this Agreement continues after the lawsuit is over. Furthermore, the undersigned understands that a breach of the Protective Order may subject him/her to civil claims for damages and to criminal prosecution under 42 U.S.C. § 9604(e)(7)(B).

Dated:     _____
Signed:    _____