PATRICIA L. HURST (DC Bar No. 438882)
Senior Counsel
GABRIEL ALLEN (GA Bar No. 740737)
Trial Attorney
PETER KRZYWICKI (MI Bar No. P75723)
Trial Attorney
Environmental Enforcement Section
PAUL CIRINO (NY Bar No. 2777464)
Trial Attorney
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044
(202) 307-1242 / (202) 514-0097
patricia.hurst@usdoj.gov
gabriel.allen@usdoj.gov
peter.krzywicki@usdoj.gov
paul.cirino@usdoj.gov

Attorneys for Plaintiff
United States of America

Additional Counsel listed on following page.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>             Plaintiffs,<br><br>      vs.<br><br>STERLING CENTRECORP, INC., STEPHEN P. ELDER, and ELDER DEVELOPMENT, INC.,<br><br>             Defendants. | Case No. 2:08-cv-02556- MCE-JFM<br><br>**STIPULATION AND ORDER TO LITIGATE ENFORCMENT COSTS AFTER THE CONCLUSION OF THE PHASE II TRIAL ON OTHER RESPONSE COSTS**<br><br>Trial Date: July 18, 2016<br>Judge:     Hon. Morrison C. England, Jr.<br><br>[Complaint Filed:  October 27, 2008] |

KAMALA D. HARRIS
Attorney general of California
SUSAN FIERING
Supervising Deputy Attorney General
TIMOTHY E. SULLIVAN (CA Bar No. 197054)
Deputy Attorney General
California Department of Justice
Office of the Attorney General
1515 Clay St., 20th Fl.,
Oakland, CA 94612
Timothy.Sullivan@doj.ca.gov

Attorneys for Plaintiff

California Department of Toxic Substances Control


Gary J. Smith (State Bar No. 141393)
(gsmith@bdlaw.com)
Andrew C. Mayer (State Bar No. 287061)
(amayer@bdlaw.com)
BEVERIDGE & DIAMOND, P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Telephone:  (415) 262-4000
Facsimile:  (415) 262-4040

Attorneys for Defendant
Sterling Centrecorp, Inc.

STIPULATION TO LITIGATE ENFORCEMENT COSTS AFTER THE CONCLUSION OF THE

PHASE II TRIAL ON OTHER RESPONSE COSTS

WHEREAS, on March 25, 2009, the Court entered the Bifurcation Order (ECF No. 26) separating the discovery and trial for defendants' liability ("Phase I") from the discovery and trial on plaintiffs' entitlement to response costs ("Phase II"), and;

WHEREAS, on September 29, 2014, the Court entered the Phase II Pretrial Scheduling Order (ECF No. 229) setting the deadline for Phase II discovery, except expert discovery, for September 18, 2015 and setting Phase II trial for July 18, 2016; and

WHEREAS, on August 19, 2015, the Court entered an Order (ECF No. 241) setting the designation of experts and exchange of expert reports for October 2, 2015; and

WHEREAS, Plaintiffs United States of America, on behalf of the Environmental Protection Agency ("EPA"), and the California Department of Toxic Substances Control ("DTSC")

1  (collectively "Plaintiffs") seek their response costs, including enforcement costs, through dates
2  certain, in Phase II; and
3          WHEREAS, enforcement costs refer to all costs incurred by the United States Department of
4  Justice, the costs of EPA attorneys' direct labor on this litigation, all costs incurred by the California
5  Attorney General's Office representing DTSC in this matter, the cost of DTSC attorneys' direct
6  labor on this litigation, EPA and DTSC attorneys' travel expenses related to this litigation, and
7  Plaintiffs' indirect costs associated with all of this direct labor;[1] and
8          WHEREAS, enforcement costs do not refer to any work by non-legal staff of EPA, DTSC, or
9  their contractors related to this litigation; and
10         WHEREAS, enforcement costs are a subset of the response costs currently scheduled to be
11 litigated in Phase II; and
12         WHEREAS, the exercise of proving the enforcement costs might disrupt Phase II because it
13 may necessitate discovery of the actions of the attorneys who are litigating Phase II on behalf of
14 Plaintiffs; and
15         WHEREAS, Plaintiffs and Sterling Centrecorp, Inc. ("Sterling") (collectively "the Parties")
16 agree that the most efficient means of resolving issues related to Plaintiffs' claims for enforcement
17 costs is to litigate those claims through motions practice after the Phase II trial has concluded; and
18         WHEREAS, on August 24, 2015, counsel for the United States of America, Patricia Hurst,
19 contacted Stephen P. Elder, and explained to him what Plaintiffs seek with this Stipulation, and Mr.
20 Elder, on behalf of himself and Elder Development, Inc., stated that he did not oppose the relief
21 sought through this Stipulation and Proposed Order, but Mr. Elder has not seen a copy of the
22 Stipulation and Proposed Order and claims he has no means to review the Stipulation and Proposed
23 Order.

---

[1]  The Department of Justice intends to seek all enforcement costs it incurred through the close of Phase II trial.  EPA plans to seek all enforcement costs it incurred through November 30, 2012.  DTSC plans to seek all enforcement costs attributable to DTSC attorneys through November 4, 2014.  In addition, DTSC intends to seek all enforcement costs attributable to the representation of DTSC in this matter by the California Attorney General's Office that are incurred through the close of Phase II trial.  The Department of Justice, EPA, the California Attorney General's Office, and DTSC will seek the costs incurred after those dates in a subsequent proceeding as provided for by 42 U.S.C. § 9613(g)(2).

NOW THEREFORE, the Parties hereby jointly stipulate and respectfully request that the Court order that the Parties shall not put on evidence of, or otherwise dispute, enforcement costs during Phase II trial or pre-trial preparations, and shall not seek or be required to respond to discovery on enforcement costs during Phase II proceedings; instead, all issues relating to enforcement costs shall be addressed by motions practice after the Phase II trial has concluded, and according to the schedule that follows:

On or before **sixty days** after the conclusion of the Phase II trial, Plaintiffs shall jointly file a motion seeking enforcement costs;

On or before **sixty days** after Plaintiffs' deadline to file a motion seeking enforcement costs, if Sterling decides a response is necessary, Sterling shall file a response in opposition to Plaintiffs' motion for enforcement costs;

Sterling will have an opportunity to take discovery on Plaintiffs' enforcement costs following the Phase II trial until **sixty days** after Plaintiffs' deadline to file a motion seeking enforcement costs, however, Plaintiffs do not waive their right to assert any privilege or any objection that could apply to any part of Sterling's discovery request;

Plaintiffs do not agree to submit their attorneys for depositions in this matter and do not waive their right to seek a protective order barring any depositions they deem objectionable;

On or before **twenty-one days** after Sterling's deadline to file its response, if Plaintiffs decide a reply is necessary, Plaintiffs shall jointly file a reply to any response in opposition filed by Sterling; and

If the Court does not enter the proposed order, the Parties agree that Plaintiffs will have the right to disclose documentation of their enforcement costs after the September 18, 2015 close of fact discovery deadline and Plaintiffs' experts will have the opportunity to supplement their reports on enforcement costs after the October 2, 2015 deadline for exchange of reports.

SO STIPULATED.

**For Plaintiff Department of Toxic Substances Control**

            KAMALA D. HARRIS
            Attorney General of California
            SUSAN FIERING
            Supervising Deputy Attorney General

09/03/2015      */s/ Timothy E. Sullivan*
DATED        TIMOTHY E. SULLIVAN
            Deputy Attorney General
            1515 Clay St., 20th Floor
            P.O. Box 70550
            Oakland, CA 94612

**For Defendant Sterling Centrecorp, Inc.**

09/03/2015      */s/ Gary J. Smith*
DATED        GARY J. SMITH
            Beveridge & Diamond, P.C.
            456 Montgomery Street, Suite 1800
            San Francisco, CA 94104

*Counsel for Plaintiff Department of Toxic Substances Control and Counsel for Defendant Sterling Centrecorp, Inc. have authorized Plaintiff the United States of America to file this Stipulation on behalf of these Parties. Plaintiff the United States of America will retain documents evidencing this authorization.*

**For Plaintiff United States of America**

09/03/2015      */s/ PETER KRZYWICKI*
DATED        PATRICIA L. HURST
            GABRIEL ALLEN
            PETER KRZYWICKI
            Environmental Enforcement Section
            PAUL CIRINO
            Environmental Defense Section
            Environment and Natural Resources Division
            United States Department of Justice
            P.O. Box 7611
            Washington, DC 20044

ORDER

In view of this Stipulation, the Court finds that good cause exists for issuance of an Order that the Parties shall not put on evidence of, or otherwise dispute, enforcement costs during Phase II trial and pre-trial preparation, and shall not seek or be required to respond to discovery on enforcement costs during Phase II proceedings; and instead, all issues relating to enforcement costs shall be addressed by motions practice after the Phase II trial has concluded, and according to the schedule that follows:

On or before **sixty days** after the conclusion of the Phase II trial, Plaintiffs shall jointly file a motion seeking enforcement costs;

On or before **sixty days** after Plaintiffs' deadline to file a motion seeking enforcement costs, if Sterling decides a response is necessary, Sterling shall file a response in opposition to Plaintiffs' motion for enforcement costs;

Sterling will have an opportunity to take discovery on Plaintiffs' enforcement costs following the Phase II trial until **sixty days** after Plaintiffs' deadline to file a motion seeking enforcement costs, however, Plaintiffs do not waive their right to assert any privilege or any objection that could apply to any part of Sterling's discovery request;

Plaintiffs do not agree to submit their attorneys for depositions in this matter and do not waive their right to seek a protective order barring any depositions they deem objectionable; and

On or before **twenty-one days** after Sterling's deadline to file its response, if Plaintiffs decide a reply is necessary, Plaintiffs shall jointly file a reply to any response in opposition filed by Sterling.

IT IS SO ORDERED.

Dated:  September 8, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT