1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No. 2:08-cv–02556-MCE-JFM
     and CALIFORNIA DEPARTMENT
12   OF TOXIC SUBSTANCES CONTROL,

13            Plaintiffs,                    **MEMORANDUM AND ORDER**

14       v.

15   STERLING CENTRECORP INC.,
     STEPHEN P. ELDER and ELDER
16   DEVELOPMENT, INC.,

17            Defendants.

18

19        Both the United States and the California Department of Toxic Substances

20   (hereinafter collectively referred to as "Plaintiffs" or "government" unless otherwise

21   specified) have designated the former Lava Cap Mine, located in Nevada County,

22   California, as a Superfund site polluted by elevated levels of arsenic that were

23   disseminated through tailings and waste materials generated by mine operations.

24   Plaintiffs have undertaken cleanup efforts designed to remediate that arsenic

25   contamination.  The present action, filed pursuant to the Comprehensive Environmental

26   Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601, et seq.

27   ("CERCLA"), seeks contribution for the costs of those activities both from former owners

28

1

of the site and operators responsible for its mining.

Presently before the Court is Plaintiffs' Motion for Partial Summary Judgment, filed February 8, 2016, as to Defendant Sterling Centrecorp Inc.'s statute of limitations defense.  By way of Sterling's Twelfth Affirmative Defense as set forth in its Amended Answer (ECF No. 33-2), Sterling asserts that the statute of limitations under Section 113(g)(2)(B) of CERCLA, 42 U.S.C. §9613(g)(2)(B), bars the recovery of a portion of Plaintiffs' costs associated with their investigation and removal activities at the Lava Cap site.  Plaintiffs move for summary judgment on grounds that because the removal activities for which Plaintiffs incurred costs was a single, continuous process, their lawsuit to recover removal costs, filed within three years after completion of said removal action, was timely as a matter of law.

On March 17, 2016, Defendant Sterling filed a Statement of Non-Opposition to Plaintiff's Motion stating both that it does not oppose the Motion and that it "does not assert a statute of limitations defense with respect to any of [Plaintiffs' claimed] costs." ECF No. 282, 1:1-6.  In light of that non-opposition, Sterling's representation, and good cause appearing, Plaintiffs' Motion for Partial Summary Judgment as to Defendant Sterling's Statute of Limitations Defense (ECF No. 267) is GRANTED.[1]

IT IS SO ORDERED.

Dated:  September 19, 2016

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing in accordance with Eastern District Local Rule 230(g).