UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING CENTRECORP INC., STEPHEN P. ELDER, and ELDER DEVELOPMENT, INC,<br><br>Defendants. | No. 2:08-cv-2556 MCE DB<br><br><br>ORDER |

On July 28, 2017, this matter came before the undersigned for hearing of plaintiffs' motion to compel. Attorney David Forsythe appeared telephonically on behalf of plaintiff United States of America. Attorney John Everett appeared telephonically on behalf of plaintiff California Department of Toxic Substances Control. Attorney Kaitlyn Shannon appeared telephonically on behalf of defendant Sterling Centrecorp Inc.[1]

////

////

////

---

[1] There was no appearance by, or on behalf of, defendant Stephen P. Elder or defendant Elder Development, Inc.

1

Upon consideration of the arguments on file and at the hearing, and for the reasons set forth on the record at the hearing, IT IS HEREBY ORDERED that:

1. Plaintiffs' July 3, 2017 motion to compel (ECF No. 318) is granted[2];

2. Within twenty-one days of the date of this order counsel for defendant Sterling Centrecorp Inc., shall produce to plaintiffs either Bates number RRFP00801 in an unredacted form or a stipulation stating the total dollar amount defense counsel has billed defendant Sterling Centrecorp Inc., for the defense of this ligation; and

3. Defendant's production shall be made pursuant to the protective order governing this action.

Dated: July 28, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/USvCentrecorp2556.oah.072817

---

[2] See generally U.S. v. Biotronik, Inc., No. 2:09-cv-3617 KJM EFB, 2015 WL 1291371, at *6 (E.D. Cal. Mar. 20, 2015) (finding rates charged to litigate in district "relevant and discoverable"); Riker v. Distillery, No. 2:08-cv-0450 MCE JFM, 2009 WL 2486196, at *1 (E.D. Cal. Aug. 12, 2009) ("This court finds that defendants' billing records may be relevant to assist the court in determining the reasonableness of plaintiff's request for attorneys['] fees."); New Amsterdam Project Management Humanitarian Foundation v. Laughrin, No. 07-0935 JF (HRL), 2009 WL 102816, at *7 (N.D. Cal. Jan. 14, 2009) ("The amount of fees paid to an attorney are not privileged, so billing records are generally discoverable."); U.S. v. Keystone Sanitation Co., Inc., 885 F. Supp. 672, 675 (M.D. Pa. 1994) ("statements and records that simply reveal the amount of time spent, the amount billed, and the type of fee arrangement between attorney and client are fully subject to discovery"); Murray v. Stuckey's Inc., 153 F.R.D. 151, 153 (N.D. Iowa 1993) ("The court concludes that, in light of these precedents, both the number of hours devoted to the case by defendants' attorneys and their hourly rates, to the extent that those rates reflect 'the prevailing market rates in the relevant community,' are relevant to plaintiffs' attorney fee claim."); Real v. Continental Group, Inc., 116 F.R.D. 211, 213 (N.D. Cal. 1986) ("Thus, I conclude that the hours expended by the defendant on matters pertaining to this case, counsel's hourly rates, as well as total billings and costs, are at least minimally relevant to the plaintiff's fees and costs petition.").

2