[The parties and counsel submitting this document are listed on the page immediately following this caption page.]

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>        Plaintiffs,<br><br>    vs.<br><br>STERLING CENTRECORP INC., STEPHEN P. ELDER, and ELDER DEVELOPMENT, INC.,<br><br>        Defendants. | Case No. 2:08-cv-02556-MCE-DB<br><br>**STIPULATION AND [PROPOSED] ORDER GOVERNING CONFIDENTIAL INFORMATION PRODUCED IN RULE 69 DISCOVERY**<br><br>Judge: Judge Morrison C. England, Jr.<br><br>Judgment Date: March 20, 2018 |

-1-

PATRICIA L. HURST (DC Bar No. 438882)
LESLIE COLEMAN (NY Atty. Reg. No. 5252788)
PETER KRZYWICKI (MI Bar No. P75723)
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
(303) 844-1363 (Coleman)
patricia.hurst@usdoj.gov
leslie.coleman@usdoj.gov
peter.krzywicki@usdoj.gov

*Attorneys for Plaintiff United States of America*

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
EDWARD H. OCHOA, State Bar No. 144842
Supervising Deputy Attorney General
JOHN W. EVERETT, State Bar No. 259481
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone:  (619) 738-9305
Fax:  (619) 645-2271
E-mail:  John.Everett@doj.ca.gov

*Attorneys for Plaintiff California Dept. of Toxic Substances Control*

Gary J. Smith (State Bar No. 141393)
(GSmith@bdlaw.com)
Kaitlyn D. Shannon (State Bar No. 296735)
(KShannon@bdlaw.com)
BEVERIDGE & DIAMOND, P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Telephone:  (415) 262-4000
Facsimile:  (415) 262-4040

*Attorneys for Defendant Sterling Centrecorp Inc. (now known as SC Inc.)*

-2-

Plaintiffs the United States of America, on behalf of the Environmental Protection Agency ("EPA"), and the California Department of Toxic Substances Control ("DTSC"), and Defendant Sterling Centrecorp Inc., hereby stipulate that discovery in aid of judgment or execution in this matter, conducted by Plaintiffs pursuant to Federal Rule of Civil Procedure 69(a)(2), will involve the production of documents containing information, including financial information, that may be entitled to confidential treatment. On March 5, 2019, pursuant to Rule 69(a)(2), Plaintiff United States served Requests for Production and Interrogatories on Defendant Sterling Centrecorp Inc. Many of those discovery requests sought the disclosure of Defendant's confidential financial information. Defendant objected to producing confidential financial information until a protective order was entered. Plaintiffs agree that a protective order is appropriate.

Sterling Centrecorp Inc. (which changed its name to SC Inc. in November 2018 but retains the same Ontario Corporation Number, 1738393) represents to the Court that all of the following information would be proved through the testimony of its president. SC Inc. is a privately held company. In the course of SC Inc.'s ordinary business dealings, SC Inc. makes no public disclosure of its finances. Since it became a private company in June 2007, SC Inc. has never released its financial information to the public, and the information cannot be obtained without the consent of SC Inc.'s officers and directors. SC Inc.'s private financial information includes financial information concerning its officers, directors and shareholders. Public release of that information would violate their privacy and could thereby harm SC Inc.'s ability to retain and recruit officers, directors and shareholders. Public release of the financial information of SC Inc. itself could put SC Inc. at a competitive disadvantage in relation to other private companies that are not required to disclose such financial information.

Counsel for the United States consulted with Defendant Stephen P. Elder on May 16, 2019. On that date, Mr. Elder granted his oral consent to the entry of this Stipulation and [Proposed] Order Governing Confidential Information Produced in Rule 69 Discovery.

In view of this stipulation, the Court finds that good cause exists for issuance of an order requiring limited disclosure of such information for purposes of Plaintiffs' efforts to collect or execute the final judgment entered in this action on March 20, 2018 against Defendant Sterling

-3-

1  Centrecorp Inc. (Doc. No. 332.) Upon consideration of the stipulation and the representations of SC

2  Inc. set forth above, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

3       It is hereby ORDERED:

4       1.    A Producing Party shall produce Discovery Materials containing information that

5  may be entitled to confidential treatment, and such Discovery Materials shall be handled in

6  accordance with the terms of this Stipulation and Protective Order ("Protective Order").

7       2.    **Scope.** This Protective Order is limited in scope to Protected Information produced in

8  the course of discovery in this action conducted pursuant to Federal Rule of Civil Procedure 69(a)(2)

9  in aid of collection or execution of the judgment entered on March 20, 2018 against Defendant

10  Sterling Centrecorp Inc. Discovery Materials are subject to this Protective Order upon being

11  designated as Protected Information by the Producing Party in accordance with Paragraph 4(a) or, in

12  the case of deposition testimony, transcripts, and exhibits, in accordance with Paragraph 4(b).

13  However, this Protective Order applies only to the specific copies of Discovery Materials so

14  designated and to copies made therefrom and information derived therefrom. This Protective Order

15  does not apply to copies obtained outside of discovery in this action (e.g., in investigations prior to

16  litigation).

17       3.    **Definitions.**

18       (a)    "Discovery Material" means documents, information (including electronically

19  stored information), or other material produced or adduced in the course of discovery in this action

20  conducted pursuant to Federal Rule of Civil Procedure 69(a)(2), including responses to subpoenas,

21  interrogatories, and requests for production; deposition testimony and exhibits; and information

22  derived therefrom.

23       (b)    "Judgment" means the final judgment in this action, dated March 20, 2018,

24  entered in favor of Plaintiffs United States and DTSC and against Defendants Sterling Centrecorp

25  Inc., Stephen P. Elder, and Elder Development, Inc. (Doc. No. 332).

26       (c)    "Producing Party" means: (a) a party, including their counsel, who is

27  producing Discovery Material in response to a discovery request served in this action pursuant to

28  Federal Rule of Civil Procedure 69(a)(2); or (b) a non-party or their counsel who is producing

Discovery Material in response to a subpoena served in this action pursuant to Federal Rule of Civil Procedure 69(a)(2).

(d)     "Protected Information" means documents, information, or other materials that are asserted to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c) and that have been designated as subject to this Protective Order by the Producing Party.

4.     **Designation.**

(a)     If a Producing Party has a good faith belief that certain Discovery Materials are entitled to confidential treatment, the Producing Party may designate such Discovery Materials as subject to this Protective Order by marking them in accordance with subparagraphs (d) and (e). The grounds for designating Discovery Materials as subject to this Protective Order include, without limitation:

(i)     commercial or financial information that may be entitled to confidential treatment under 40 C.F.R. Part 2 (often referred to as "confidential business information" or "CBI");

(i)     personally identifiable information, including without limitation social security numbers and financial information associated with individuals;

(ii)     income tax returns (including attached schedules and forms), W-2 forms, 1099 forms, and their Canadian equivalents; or

(iii)     personnel or employment records of an individual.

(b)     Information or documents that are available to the public may not be designated as Protected Information.

(c)     Communications regarding settlement of this matter may not be designated as Protected Information pursuant to this Protective Order. Settlement communications may still be confidential and entitled to other protections pursuant to applicable law.

(d)     **Paper Documents, Image Files, and Tangible Things.** To designate paper documents, image files (including TIFF, JPEG, or PDF images of electronically stored information or scanned documents), or tangible things as Protected Information subject to this Protective Order, the Producing Party shall mark each page, image, or thing with the words "CONFIDENTIAL AND

SUBJECT TO PROTECTIVE ORDER IN 2:08-cv-2556." For image files, including placeholders, these words must be branded onto each image (as opposed to an overlay), and must be positioned to avoid obscuring parts of the image that are not blank.

      (e)    **Depositions.**

          (i)    All deposition testimony taken in this case shall be treated as Protected Information from the time that the deposition begins until thirty days after the transcript is delivered in draft or final form to each party that has ordered a copy, unless the parties in attendance at the deposition agree, on the record or in writing, to a shorter time period.

          (ii)    Prior to the expiration of the time period provided in Paragraph 4(e)(i), any party may serve a Notice of Designation to all parties identifying the specific portions of the transcript that are designated Protected Information. After the time period provided in Paragraph 4(e)(i) expires, only those portions of the transcript identified in a Notice of Designation will continue to be Protected Information under this Protective Order, unless otherwise ordered by the Court.

          (iii)    Deposition transcripts containing confidential information shall be stamped as follows:

    This deposition contains confidential information subject to the Protective Order

    Governing Confidential Information Produced in Rule 69 Discovery entered in

    *United States of America, et al., v. Sterling Centrecorp Inc., et al.*, No. 2:08-cv-2556.

          (iv)    Notwithstanding anything to the contrary in this Paragraph 4(e), a party may disclose prior deposition testimony to a witness during his or her deposition in accordance with Paragraph 7(a)(iv).

      (f)    **Revocation of Designation.** The Producing Party may revoke its designation of Discovery Materials as subject to this Protective Order by providing a copy that is not marked in accordance with Paragraph 4, or by having counsel of record orally withdraw the designation on the record during a deposition. The Producing Party must revoke its designation of Discovery Materials as subject to this Protective Order if it intends to use the materials in a filing or at a hearing or trial and it determines that the materials do not contain Protected Information.

-6-

5.     **Production Protocols.**

(a)     The Producing Party shall serve Discovery Materials it has designated as Protected Information subject to this Protective Order only on the parties to this Protective Order: the United States, DTSC, and SC Inc.

(b)     In the case of Discovery Materials being produced electronically, the Producing Party shall enclose with such production a load file that includes a field that indicates which records correspond to Protected Information.

(c)     If the Producing Party is not a party to this action, it shall provide contact information to the parties by filling out the form in Attachment B and providing it to the party that issued the subpoena. Within 30 days of receiving a form submitted under this paragraph, the party who issued the subpoena must serve a copy on all counsel of record in accordance with Rule 5 of the Federal Rules of Civil Procedure.

(d)     Discovery Materials that are designated in accordance with Paragraph 4 are Protected Information under this Protective Order, regardless of the Producing Party's failure to comply with this Paragraph 5.

6.     **Inadvertent Failure to Designate.** An inadvertent failure to designate Discovery Materials as Protected Information does not, standing alone, waive the right to so designate the Discovery Materials; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony. If a Producing Party designates a document as Protected Information after it was initially produced, the other Parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order, and the Producing Party shall provide replacement documents marked in accordance with Paragraph 4. No party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information. If a party identifies a document (not previously marked or identified as Protected Information) that appears on its face or in light of facts known to the party to contain Protected Information of any person, the party identifying the information is under a good-

1 faith obligation to notify the Producing Party and/or the interested person of the disclosure. Such

2 notification does not waive the identifying party's ability to subsequently challenge any assertion

3 that the document contains Protected Information. If the Producing Party or other interested person

4 wishes to assert that the document contains Protected Information, it shall provide such notice and

5 replacement copies endorsed in compliance with this Protective Order.

6      7. **Disclosure of Protected Information.** Except as stated in subparagraphs below, or as

7 otherwise ordered by this Court, the Parties shall not disclose Protected Information to any other

8 person.

9      (a) **Disclosures Pursuant to Signed Attachment.** The parties may disclose or

10 permit the disclosure of Protected Information to persons within categories listed below provided

11 that each such person signs Attachment A, "Acknowledgment of Understanding and Agreement to

12 Be Bound." Counsel shall retain all signed acknowledgments for a period of three years after the

13 conclusion of Plaintiffs' efforts to collect or execute the Judgment, whether in this or related

14 litigation and including all appeals, and need not produce such acknowledgements unless the

15 requesting person establishes prima facie evidence of a violation of this Protective Order.

16      (i) Consultants, investigators, or experts used by a party to assist in the

17 collection or execution of the Judgment, or the defense thereto;

18      (ii) Foreign counsel for the parties and employees of foreign counsel

19 involved in the collection or execution of the Judgment, or the defense thereto (including but not

20 limited to paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or

21 clerical personnel);

22      (iii) Persons specifically engaged for the limited purpose of making copies

23 of documents or organizing or processing documents, including outside vendors hired to process

24 electronically stored documents; and

25      (iv) Witnesses in this action to whom disclosure is reasonably necessary

26 may receive a copy of documents containing Protected Information during a hearing, trial, or

27 deposition and for the purpose of reviewing their transcript, but may not retain a copy.

28

(b)     **Disclosures without Signed Attachment**. The parties may disclose or permit the disclosure of Protected Information to persons within categories listed below without the requirement to sign Attachment A:

(i)     Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the collection or execution of the Judgment, or the defense thereto;

(ii)     U.S.-based counsel for the parties and employees of counsel involved in the collection or execution of the Judgment, or the defense thereto (including but not limited to paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or clerical personnel);

(iii)     The Court and its personnel;

(iv)     Courts of other jurisdictions and their personnel, but only to the extent of such courts' involvement in Plaintiffs' efforts to collect or execute the Judgment, or the defense thereto;

(v)     Court reporters and recorders engaged for depositions;

(vi)     The author or recipient of the document (not including a person who received the document in the course of litigation); and

(vii)     Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

8.     **Use of Protected Information**. Except as stated below, neither the parties nor any non-party contemplated by Paragraph 7 of this Protective Order shall use Protected Information for any purpose other than the collection or execution of the Judgment, or the defense thereto.

(a)   The Parties may use information as authorized by an order of this Court.

(b)   The United States and DTSC may use Protected Information for law enforcement purposes and may, notwithstanding any other provision of this agreement, disclose Protected Information to law enforcement agencies.

9.     **Procedures for Protected Information.**

(a)     Counsel for the parties shall make reasonable efforts to prevent unauthorized

1   or inadvertent disclosure of Protected Information.

2       (b)    **Filing of Protected Information in this Court.** All information provided to

3   the Court in this action is presumed public, but may be sealed pursuant to a Court order sought by a

4   party in conformance with Eastern District Local Rule 141 ("L.R. 141").

5       (i)    A party that intends to file with the Court any Discovery Material that

6   it has designated as Protected Information pursuant to this Protective Order may seek to have the

7   material containing such information sealed pursuant to L.R. 141.

8       (ii)    A party that intends to file with the Court any Discovery Material that

9   another Producing Party has designated as Protected Information pursuant to this Protective Order

10   shall seek to have the material containing such information sealed pursuant to L.R. 141, unless the

11   Producing Party agrees in writing that the information at issue does not need to be filed under seal.

12       (iii)    A party seeking to have Discovery Materials containing Protected

13   Information sealed pursuant to L.R. 141 shall serve the documents covered by the request only on

14   the parties to this Protective Order: the United States, DTSC, and SC Inc.

15       (iv)    A party may oppose any request to seal documents by submitting

16   opposition papers pursuant to L.R. 141 within three days of the date of service of the request.

17       (c)    **Use of Protected Information at a Hearing in this Court.** A party that

18   intends to present or that anticipates that another party may present Protected Information at a

19   hearing shall, following a good-faith attempt to reach agreement with the other affected parties,

20   bring that issue to the Court's attention by motion or in a pre-hearing memorandum without

21   disclosing the Protected Information. The Court may thereafter make such orders as are necessary to

22   govern the use of such Protected Information at the hearing.

23       (d)    **Filing or Use of Protected Information in Courts of Other Jurisdictions.**

24   As otherwise allowed by this Protective Order, the parties may file, and may use at a trial, hearing,

25   or other proceeding, Protected Information in related litigation conducted in courts of other

26   jurisdictions, subject to applicable rules of such jurisdictions. To the extent permitted by those rules,

27   a party that intends to file with a court of another jurisdiction any Discovery Material that another

28   Producing Party has designated as Protected Information pursuant to this Protective Order shall seek

1   to file the material under seal (or under the equivalent procedure of that jurisdiction), unless the

2   Producing Party agrees in writing that the information at issue does not need to be filed under seal.

3       10.  **Challenges to Designations.** The designation of any Discovery Material as Protected

4   Information is subject to challenge by any party, as follows:

5       (a)  **Meet and Confer.** A party challenging the designation of Protected

6   Information must do so in good faith and must begin the process by conferring directly with counsel

7   for the Producing Party. In conferring, the challenging party must explain the basis for its belief that

8   the designation was not proper and must give the Producing Party an opportunity to review the

9   designated material, to reconsider the designation, and, if no change in designation is offered, to

10  explain the basis for the designation. The Producing Party must respond to the challenge within 14

11  business days, except as provided in Subparagraph (b).

12      (b)  **Judicial Resolution.** If, after satisfying the requirements of Paragraph 10(a)

13  of this Protective Order, a party elects to challenge a designation, that party may file and serve a

14  motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each

15  such motion must be accompanied by a certification of counsel that affirms that the movant has

16  complied with the meet and confer requirements of Paragraph 10(a) of this Protective Order. The

17  Producing Party shall bear the burden of persuasion in any such challenge or proceeding, provided

18  however, that a person in interest may seek to intervene in accordance with the Federal Rules of

19  Civil Procedure. Until the Court rules on the challenge, all parties shall continue to treat the

20  materials as Protected Information under the terms of this Protective Order.

21      11.  **Effect of this Protective Order.**

22      (a)  The production of documents by a Producing Party pursuant to this Protective

23  Order constitutes a court-ordered disclosure within the meaning of 40 C.F.R. § 2.209(d); the Privacy

24  Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996

25  (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18

26  U.S.C. § 1905.

27      (b)  Except on privilege grounds not addressed by this Protective Order, no person

28  may withhold documents, information, or other materials from discovery in this action on the ground

-11-

that they require protection greater than that afforded by this Protective Order, unless that person moves for an order providing such special protection.

(c)     Nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party, non-party, or witness of documents, materials, or information properly obtained by such party, non-party, or witness independently of discovery in this action, regardless of whether such documents, materials, or information also are obtained through discovery in this action.

(d)     Nothing in this Protective Order or any action or agreement of a party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at a hearing or trial.

(e)     Nothing in this Protective Order may be construed or presented as a final judicial determination that any Protected Information is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

12.     **Documents Requested or Demanded by Non-Parties**.

(a)     The parties shall not produce Protected Information in response to any request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, California Public Records Act ("PRA"), Cal. Gov't Code, §§ 6250-6270.7, discovery request, or other request or demand except in compliance with: (i) this Protective Order (e.g., with the consent of the Producing Party), (ii) a directive of this Court removing the designation as Protected Information, or (iii) a lawful directive of another court, whether domestic or foreign.

(b)     **Notification.**

(i)     If the United States or DTSC (including its parent agency or counsel) withholds Discovery Material designated as Protected Information by another Producing Party from its response to a request under the FOIA or the PRA, and the requesting party subsequently brings an action challenging the withholding of those materials against the party served with the request, the party served with the request shall, as soon as practicable, provide notice to the Producing Party of service of the action.

(ii)     If any party is served with a discovery request issued in other litigation—except for litigation initiated by the United States or DTSC related to the collection or execution of the Judgment—that seeks Discovery Materials designated as Protected Information by another Producing Party, the party receiving the request shall, as soon as practicable, provide notice to the Producing Party of service of the discovery request.

(c)     Nothing in this order prohibits a party from filing a motion with this Court seeking modification of this order to allow the disclosure of Protected Information. Any such motion must be served on the parties in accordance with the Federal Rules of Civil Procedure and must describe in detail the proposed disclosure.

13.     **Obligations on Conclusion of Litigation**.

(a)     **Order Continues in Force.** Unless otherwise agreed or ordered, this Protective Order will remain in force after the conclusion of Plaintiffs' efforts to collect or execute the Judgment.

(b)     **Obligations at Conclusion of Litigation.** Subject to the Federal Records Act, 44 U.S.C. § 3101 et seq., and other legal obligations, within ninety (90) days after the conclusion of Plaintiffs' efforts to collect or execute the Judgment, whether in this or related litigation and including all appeals, the parties shall take reasonable steps to ensure that all Protected Information is destroyed or returned to the Producing Party. Copies of Protected Information that are stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, need not be returned or destroyed so long as they are not made accessible (e.g., disaster recovery backups are not restored); if such data are made accessible, the receiving party must take reasonable steps to return or destroy the restored Protected Information or documents as provided by this subparagraph.

(c)     **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy Protected Information, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court, including those filed under seal. To the extent additional copies are retained by counsel of record

1  notwithstanding the employment of reasonable efforts to return or destroy Protected Information,

2  such retained copies remain protected under this order. An attorney may use his or her work product

3  in subsequent litigation, provided that its use does not disclose or use Protected Information.

4          (d)    **Retention of Law Enforcement Documents.** Notwithstanding the above

5  requirements to return or destroy Protected Information, law enforcement agencies may retain

6  Protected Information in use for law enforcement purposes pursuant to Paragraph 8(b), subject only

7  to applicable laws and regulations, e.g., 28 C.F.R. part 16.

8      14.    **Order Subject to Modification.** This Protective Order is subject to modification by

9  the Court on its own initiative or on motion of a party or any other person with standing concerning

10  the subject matter.

11      15.    This Protective Order is subject to the Local Rules of this District and the Federal

12  Rules of Civil Procedure on matters of procedure and calculation of time periods.

13      Respectfully submitted this 5 day of June, 2019.

14          FOR THE UNITED STATES OF AMERICA:

15          */s/ Leslie Coleman*
16          LESLIE COLEMAN
        PATRICIA L. HURST
17          PETER KRZYWICKI
18          Environmental Enforcement Section
        Environment & Natural Resources Division
19          U.S. Department of Justice

20          *Attorneys for Plaintiff United States of America*

21          FOR THE CALIFORNIA DEPARTMENT OF
        TOXIC SUBSTANCES CONTROL:
22

23          XAVIER BECERRA
        Attorney General of California
24          EDWARD H. OCHOA
        Supervising Deputy Attorney General
25
26          */s/ John W. Everett*
        JOHN W. EVERETT
27          Deputy Attorney General

28          *Attorneys for Plaintiff California Dept. of Toxic Substances Control*

-14-

BEVERIDGE & DIAMOND, P.C.

*/s/ Kaitlyn D. Shannon*
GARY J. SMITH
KAITLYN D. SHANNON

*Attorneys for Defendant Sterling Centrecorp Inc. (now known as SC Inc.)*

**IT IS SO ORDERED:**

DATED: _____          _____

MORRISON C. ENGLAND, JR.
United States District Court Judge

**ATTACHMENT A**

UNITED STATES OF AMERICA, and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,

Plaintiffs,

vs.

STERLING CENTRECORP INC., STEPHEN P. ELDER, and ELDER DEVELOPMENT, INC.,

Defendants.

Case No. 2:08-cv-02556-MCE-DB
U.S. District Court for the Eastern District of California (Sacramento Division)

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as or asserted to be Protected Information in accordance with the specific terms of the Protective Order. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Dated: _____     Signature: _____

STIPULATION AND [PROPOSED] ORDER GOVERNING CONFIDENTIAL INFORMATION PRODUCED IN RULE 69 DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT B**

UNITED STATES OF AMERICA, and CALIFORNIA DEPARTMENT OF TOXIC
SUBSTANCES CONTROL,

Plaintiffs,

vs.

STERLING CENTRECORP INC., STEPHEN P. ELDER, and ELDER DEVELOPMENT, INC.,

Defendants.

Case No. 2:08-cv-02556-MCE-DB
U.S. District Court for the Eastern District of California (Sacramento Division)

**Contact Information for Non-Party
Producing Documents Subject to Protective Order**

On [Date], the Court entered a protective order, ECF No. ___, (the "Protective Order"). The person identified below is not a party to this action but is a "Producing Party" within the meaning of the Protective Order. In accordance with the terms of the Protective Order, the contact information for this Producing Party is as follows:

Name of Producing Party: _____

Contact Person: _____

Mailing Address: _____

Phone: _____

Email Address: _____

This contact information is being provided to [name of party issuing subpoena], who must, under the terms of the Protective Order, serve a copy of this form on all counsel of record pursuant to Rule 5 of the Federal Rules of Civil Procedure. This contact information may be changed at any time by submitting new information using this form to [name of party issuing subpoena].

-17-

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **STIPULATION AND [PROPOSED] ORDER GOVERNING CONFIDENTIAL INFORMATION PRODUCED IN RULE 69 DISCOVERY** with the Clerk of the Court for the United States District Court – Eastern District of California by using the CM/ECF system on June 5, 2019.

The following participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

PATRICIA L. HURST                                    *Attorneys for Plaintiff*
Senior Counsel                                              *United States of America*
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 307-1241
Fax: (202) 616-2427
Email:  Patricia.hurst@usdoj.gov

LESLIE COLEMAN
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone:  303-844-1363
Email:  leslie.coleman@usdoj.gov

John W. Everett                                             *Attorneys for Plaintiff*
Deputy Attorney General                            *California Department of Toxic*
California Department of Justice                *Substances Control*
Office of the Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 645-2271
Email:  John.Everett@doj.ca.gov

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid as follows:

Stephen P. Elder
Elder Development, Inc.
P.O. Box 2177
Nevada City, CA  95959

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I hereby certify under the penalty of perjury that the foregoing is true and correct.

/s/ Adela C. Cruz
Adela C. Cruz

-18-