[The parties and counsel submitting this document are listed on the page immediately following this caption page.]

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiffs,<br>v.<br><br>STERLING CENTRECORP INC., STEPHEN P. ELDER, and ELDER DEVELOPMENT, INC.,<br><br>Defendants. | No. 2:08-cv-02556-MCE-DB<br><br>**STIPULATION AND ORDER GOVERNING RULE 69 DISCOVERY**<br><br>Judge: Morrison C. England, Jr.<br><br>Judgment Entered: March 20, 2018 |

PATRICIA L. HURST (DC Bar No. 438882)
LESLIE COLEMAN (NY Atty. Reg. No. 5252788)
PETER KRZYWICKI (MI Bar No. P75723)
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
(303) 844-1363 (Coleman)
patricia.hurst@usdoj.gov
leslie.coleman@usdoj.gov
peter.krzywicki@usdoj.gov

*Attorneys for Plaintiff United States of America*

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
EDWARD H. OCHOA, State Bar No. 144842
Supervising Deputy Attorney General
JOHN W. EVERETT, State Bar No. 259481
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 738-9305
Fax: (619) 645-2271
E-mail: John.Everett@doj.ca.gov

*Attorneys for Plaintiff California Dept. of Toxic Substances Control*

Gary J. Smith (State Bar No. 141393)
(GSmith@bdlaw.com)
Kaitlyn D. Shannon (State Bar No. 296735)
(KShannon@bdlaw.com)
BEVERIDGE & DIAMOND, P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Telephone: (415) 262-4000
Facsimile: (415) 262-4040

*Attorneys for Defendant Sterling Centrecorp Inc. (now known as SC Inc.)*

Plaintiffs the United States of America, on behalf of the Environmental Protection Agency ("EPA"), and the California Department of Toxic Substances Control ("DTSC"), and Defendant Sterling Centrecorp Inc. (which changed its name to SC Inc. in November 2018 but retains the same Ontario Corporation Number, 1738393), hereby stipulate as follows:

WHEREAS, on March 20, 2018, the Court entered a final judgment in this action in favor of Plaintiffs United States and DTSC and against Defendants Sterling Centrecorp Inc. (now known as SC Inc.), Stephen P. Elder, and Elder Development, Inc. (Doc. No. 332);

WHEREAS, Plaintiffs issued a written demand to Defendant SC Inc. for payment of the judgment on October 5, 2018, but SC Inc. has not paid the judgment and has not moved for a stay of proceedings to enforce the judgment pursuant to Federal Rule of Civil Procedure 62;

WHEREAS, on March 5, 2019, the United States served discovery in aid of judgment or execution on Defendant SC Inc. pursuant to Federal Rule of Civil Procedure 69(a)(2) ("Rule 69");

WHEREAS, Plaintiffs expect to serve additional Rule 69 discovery on Defendant SC Inc.;

WHEREAS, Defendant SC Inc. seeks to reduce the time, expense and other burdens of discovery of certain electronically stored information ("ESI") and privileged materials, as described further below, and to better define the scope of its obligations with respect to preserving such information and materials in the context of Rule 69 discovery in this action;

WHEREAS, Counsel for the United States consulted with Defendant Stephen P. Elder on May 16, 2019, and Mr. Elder granted his oral consent to the entry of this Stipulation and Order Governing Rule 69 Discovery;

WHEREAS, Plaintiffs and Defendant SC Inc. therefore are entering into this Stipulation with the request that the Court enter it as an Order;

It is hereby STIPULATED and ORDERED:

**1. Scope.** This Order is limited in scope to discovery conducted by Plaintiffs in this action pursuant to Federal Rule of Civil Procedure 69(a)(2) in aid of collection or execution of the judgment entered on March 20, 2018 against Defendant Sterling Centrecorp Inc. (now known as SC Inc.).

**2. Preservation Not Required for Not Reasonably Accessible Electronic Information.**

a. Except as provided in Paragraph 2.b below, Defendant SC Inc. need not preserve the following categories of electronic information for purposes of this phase of the litigation:

    i. Data duplicated in any electronic backup system for the purpose of system recovery or information restoration, including but not limited to, system recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy;

    ii. Electronic mail sent to or from a personal digital assistant ("PDA") or smartphone (e.g., BlackBerry) provided that a copy of such email is routinely preserved elsewhere;

    iii. Other electronic data stored on a PDA or smartphone, such as calendar or contract data or notes, provided that a copy of such information is routinely preserved elsewhere;

    iv. Logs of calls made from cellular phones;

    v. Deleted computer files, whether fragmented or whole;

    vi. Data stored in random access memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

    vii. Data stored on photocopiers, scanners, and fax machines;

    viii. Server, system, or network logs; and

    ix. Electronic data temporarily stored by scientific equipment or attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is, in fact, preserved in its ordinary location and form.

b. Notwithstanding Paragraph 2.a above, if on the date of this agreement Defendant SC Inc. has a policy established by management that results in the routine preservation of any of the categories of information identified in that paragraph, it shall continue to preserve such information in accordance with its policy.

3. **Obligations Related to "Draft" Documents and "Non-Identical" Documents.** For the purposes of preserving potentially discoverable material in this litigation, and for purposes of discovery in this action, a "draft" document, regardless of whether it is in an electronic or hard copy form, shall mean, "a preliminary version of a document that has been shared by the author with another person (by email, print, or otherwise) or that the author no longer intends to finalize or to share with another person." In addition, a "non-identical" document is one that shows at least one facial change such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the inclusion of tracked changes. Defendant SC Inc. need not preserve for discovery a document before and after every change made to it, so long as "draft" documents, as defined by this paragraph, are preserved. A document that is identical on its face to another document, but has small detectable differences in the metadata, shall be considered an identical copy.

4. **No Discovery of Material Not Required To Be Preserved.** Plaintiffs will not seek discovery from Defendant SC Inc. of items that need not be preserved pursuant to Paragraphs 2 and 3 above. If any discovery request is susceptible of a construction which calls for the production of items that need not be preserved pursuant to Paragraphs 2 and 3 above, such items need not be searched for, produced, or identified on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

5. **Preservation Does Not Affect Discoverability or Claims of Privilege.** By preserving information for the purpose of this litigation, Defendant SC Inc. is not conceding that such material is discoverable, nor is it waiving any claim of privilege. Except as otherwise provided in Paragraph 10, nothing in this Stipulation shall alter the obligations of Defendant SC Inc. to provide a privilege log for material withheld under a claim of privilege.

6. **Format for Production.** Plaintiffs and Defendant SC Inc. stipulate, and the Court orders, the following methods of production:

   a. Paper documents: At Defendant SC Inc.'s discretion, documents on paper may be produced on paper or may be scanned and produced on CD-ROM, DVD-ROM, or external hard drive.

b. Paper documents that are produced on disc shall be scanned as 300 dpi single-page TIFF files, using CCITT Group IV compression. Each page shall be branded with a unique Bates number, which shall not be an overlay of the image. The images shall be accompanied by: (1) an OpticonTM or IPRO® "cross reference file" which associates each Bates number with its corresponding single-page TIFF image file; and (2) a "text load file" containing comma delimited, double-quotation qualified ASCII text which will populate fields in a searchable flat database environment, containing one line for each document and each of the applicable fields as described in Appendix A;

c. Word, WordPerfect, and PDF documents will be converted to single-page TIFF images and produced consistent with the specifications in Paragraph 6.b above, except that the text load file shall contain the extracted text from each document in place of OCR text, unless the document contains redactions, in which case OCR text may be provided. If the document contains comments or tracked changes, the TIFF images shall be generated based on how the document appears when first opened using view settings contained in the file, and Plaintiffs shall have the option, after reviewing the produced TIFF image, to request the native file;

d. Microsoft PowerPoint files will be processed and produced in the same manner as Word, WordPerfect, and PDF documents, except that the images shall be generated as full color, full page, JPEG images with one slide per page. Notes and other text that would not appear on the screen in the presentation view need not be shown on the JPEG images. Plaintiffs shall have the option, after reviewing the produced images, to request the native files;

e. E-mail and attachments should be converted to single-page TIFF images and produced consistent with the specification in Paragraph 6.b above. If Defendant SC Inc. redacts any part of the e-mail before producing it, OCR text may be provided in place of extracted text. Attachments shall be processed as though they were separate documents, and the text load file shall include a field in which the producing party shall identify, for each e-mail, the bates range of any attachment;

STIPULATION AND ORDER GOVERNING RULE 69 DISCOVERY

f. Microsoft Excel files and other spreadsheets will be produced in native file format in a separate folder on the production media, and the text load file shall contain a field that identifies the file path of the native file corresponding to each document;

g. Digital photographs will be produced as image files at their original resolution with bates numbers branded onto them;

h. Embedded files shall be treated as though they were separate files, except that the text load file shall include a field in which the producing party shall identify, for each document containing an embedded file, the bates range of any such embedded file. This bates range may be identified in the same field as the Bates range of an e-mail attachment.

i. Before any party produces any other kinds of electronic data, including databases, CAD drawings, GIS data, videos, etc., the parties will meet and confer to discuss the format for the production;

j. The parties will meet and confer to identify mutually agreeable search terms for email messages and other electronically stored information, however, this agreement to meet and confer does not obligate Defendant SC Inc. to agree to perform an electronic search.

7. **Other Preservation Obligations Not Affected.** Nothing in this agreement shall affect any other obligations of the parties to preserve documents or information for other purposes, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

8. **Meet and Confer Requirement.** Before filing any motion with the Court regarding electronic discovery or evidence, the parties will meet and confer in a good faith attempt to resolve such disputes.

9. **502(d) Order.**

a. Plaintiffs and Defendant SC Inc. agree that this Stipulation and Order from the Court invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence.

b. The prosecution and defense of this phase of this action may require Defendant SC Inc. to review and to disclose large quantities of information and documents, including electronically stored information, through the Rule 69 discovery process. As a result,

record-by-record preproduction privilege review would likely impose an undue burden on Defendant SC Inc.'s resources.

  c. Defendant SC Inc. shall examine the files containing documents to be produced and shall screen documents for privilege. Such examination shall be performed with due regard for the likelihood that the files contain privileged documents, but may rely on sampling or electronic searching.

  d. If a producing party determines that it has produced a document upon which it wishes to make a claim of privilege, it shall within 14 days give all counsel of record notice of the claim of privilege. The notice shall identify the document(s) that is (are) privileged and the date the document(s) was (were) produced. If the producing party claims that only a portion of the document is privileged, it shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted.

  e. A receiving party is under a good-faith obligation to notify the producing party upon identification of a document which appears on its face or in light of facts known to the receiving party to be potentially privileged. Such notification shall not waive the receiving party's ability to subsequently challenge any assertion of privilege with respect to the identified document. The producing party shall provide notice under subparagraph 9.d above within five (5) business days of notification of production of a potentially privileged document by the receiving party if the producing party believes the document to be privileged.

  f. Upon receiving notice of a claim of privilege on a produced document, the receiving party must, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and may not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. If the receiving party disclosed the information before being notified, it must take reasonable steps to prevent further use of such information until the claim is resolved. The parties will follow the procedure described in Fed. R. Civ. P. 26(b)(5)(B) for documents produced in this litigation regardless of whether the producing party asserts its claim of privilege during or after this litigation.

g. Pursuant to Federal Rule of Evidence 502(d), the disclosure of privileged information or documents in discovery conducted in this phase of the litigation consistent with the terms of this order shall not waive the claim of privilege or protection in any other federal or state proceeding.

10. **Privileged Materials Located in the Offices of Outside Counsel.** Plaintiffs and Defendant SC Inc. agree that, in response to discovery requests, Defendant SC Inc. need not search for and produce, nor create a privilege log for, any privileged material located in the offices of its outside counsel. Defendant SC Inc. shall not keep discoverable materials in the offices of outside counsel unless a copy or duplicate of the materials is located elsewhere in the possession, custody, or control of Defendant SC Inc. and such copy or duplicate is identical except for marks, notes, or annotation provided by its outside counsel.

11. **Costs of Document Production.** A producing party shall bear the costs of producing its own documents.

Respectfully submitted this 20th day of June, 2019,

FOR THE UNITED STATES OF AMERICA:

*/s/ Leslie Coleman*
LESLIE COLEMAN
PATRICIA L. HURST
PETER KRZYWICKI
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice

*Attorneys for Plaintiff United States of America*

FOR THE CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL:

XAVIER BECERRA
Attorney General of California
EDWARD H. OCHOA
Supervising Deputy Attorney General

*/s/ John W. Everett*
JOHN W. EVERETT
Deputy Attorney General

*Attorneys for Plaintiff California Dept. of Toxic Substances Control*

FOR STERLING CENTRECORP INC. (NOW KNOWN AS SC INC.):

BEVERIDGE & DIAMOND, P.C.

*/s/ Kaitlyn D. Shannon*
GARY J. SMITH
KAITLYN D. SHANNON

*Attorneys for Defendant Sterling Centrecorp Inc. (now known as SC Inc.)*

**IT IS SO ORDERED.**

**Dated: June 25, 2019**

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

# Appendix A:
# Fields to Exchange in Databases of Discovery Materials

| Name of Field | Type of field | Contents | | | | |
|---|---|---|---|---|---|---|
| | | **E-mail** | **Word Processing or PDFs** | **Spreadsheets** | **Digital Photos** | **Paper** |
| Begin_Bates | Text | Bates number for the TIFF image of the first page | Bates number for the TIFF image of the first page | Bates number for the TIFF image of the first page, or, if spreadsheets are not TIFFed, the Bates number of the placeholder page | Bates number branded onto a TIFF file that has the same resolution as the native image file. | Bates number for the TIFF image of the first page |
| End_Bates | Text | Bates number for the TIFF image of the last page | Bates number for the TIFF image of the last page | Bates number for the TIFF image of the last page or, if spreadsheets are not TIFFed, the Bates number of the placeholder page | Bates number branded onto the native image file | Bates number for the TIFF image of the last page |
| Attachment | Text | Bates range of the attachments. Only the first page of the first attachment and the last page of the last attachment are indicated. | Bates range of all embedded files and all documents (including e-mails) to which this file was attached or in which it was embedded. Only the first page of the first attachment and the last page of the last attachment are indicated. | Bates range of all embedded files and all documents (including e-mails) to which this file was attached or in which it was embedded. Only the first page of the first attachment and the last page of the last attachment are indicated. | Bates range of all documents (including e-mails) to which this file was attached or in which it was embedded. Only the first page of the first attachment and the last page of the last attachment are indicated. | Bates range of all document that were physically attached by clips, staples, or binding. Only the first page of the first attachment and the last page of the last attachment are indicated. |
| Author | Paragraph | "From" field | <blank> | <blank> | <blank> | <blank> |
| To | Paragraph | "To" field | <blank> | <blank> | <blank> | <blank> |
| CC | Paragraph | "CC" field | <blank> | <blank> | <blank> | <blank> |
| BCC | Paragraph | "BCC" field | <blank> | <blank> | <blank> | <blank> |
| Subject | Paragraph | "Subject" field | <blank> | <blank> | <blank> | <blank> |
| DateSent | Date | The date and time the message was sent | <blank> | <blank> | <blank> | <blank> |

| Name of Field | Type of field | Contents | | | | |
|---|---|---|---|---|---|---|
| | | **E-mail** | **Word Processing or PDFs** | **Spreadsheets** | **Digital Photos** | **Paper** |
| Message_ID | Text | For e-mails in Microsoft Outlook, the "Message ID" field; For e-mail stored in Lotus Notes, the UNID field | <blank> | <blank> | <blank> | <blank> |
| Filename | Paragraph | <blank> | The name the file | The name the file | The name the file | <blank> |
| Native_File | Paragraph | <blank> | The path to the native file on the production media | The path to the native file on the production media | <blank> | <blank> |
| Text | Paragraph | Text extracted from the message body | Text extracted from the file. However, if the file does not contain text or if redactions were made, then OCR text shall be provided. | Text extracted from the file or if redactions were made, then OCR text shall be provided. | <blank> | OCR Text |