FILED

**NOT FOR PUBLICATION**

OCT 5 2020

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA; CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, | No.   18-15878 |
| Plaintiffs-Appellees, | D.C. No. 2:08-cv-02556-MCE-DB |
| v. | |
| STEPHEN P. ELDER, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| STERLING CENTRECORP INC., | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted October 25, 2019[**]
San Francisco, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  MELLOY,*** BYBEE, and N.R. SMITH, Circuit Judges.

Stephen Elder appeals from the district court's grants of summary judgment, concluding that he is jointly and severally liable under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") for response costs incurred by the governments at the Lava Cap Mine Superfund Site ("Site"), of which he is partial owner.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    Elder does not contest that the four elements for strict liability under CERCLA are satisfied in this case.  *See Cose v. Getty Oil Co.*, 4 F.3d 700, 703–04 (9th Cir. 1993).  Therefore, Elder is jointly and severally liable for the entire cost of the cleanup, *see Cal. Dep't of Toxic Substances Control v. Hearthside Residential Corp.*, 613 F.3d 910, 912, 916 (9th Cir. 2010); *see also* 42 U.S.C. §§ 9607(a)(4)(A), 9613(g)(2), unless he can establish that one of CERCLA's three affirmative defenses are applicable, *see California v. Neville Chem. Co.*, 358 F.3d 661, 672 (9th Cir. 2004).  The district court properly granted summary judgment because the asserted statutory defenses are unavailable in this case.

---

***    The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

First, the "act of God" defense cannot be applied here, because Elder failed to carry his statutory burden to establish that the storm *alone* caused the dam collapse. *See* 42 U.S.C. § 9607(b)(1). Indeed, Elder does not argue that the storm was the sole cause of the dam collapse. Elder also admits in his counterclaim that the dam's failure was predictable due to its precarious condition.

Elder's asserted third-party defense also fails, because he was not an "innocent landowner." *See Cal. Dep't of Toxic Substances Control v. Westside Delivery, LLC*, 888 F.3d 1085, 1091–92 (9th Cir. 2018); *see also Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 887 (9th Cir. 2001) (en banc). Specifically, there is no evidence that, at the time he acquired the facility, Elder "did not know and had no reason to know that any hazardous substance . . . was disposed of on, in, or at the facility" as required by 42 U.S.C. § 9601(35)(A)(i). *See Westside Delivery*, 888 F.3d at 1092. Furthermore, there is no evidence that the State's failure to enforce prior environmental orders *alone* caused the releases at the Site. *See* 42 U.S.C. § 9607(b).

2.     Elder's statute-of-limitations argument is waived, because he did not raise it below. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Elder argues that he raised the defense in his answer before the district court when he asserted that "[t]he [governments,] because of their failure to enforce the [order] issued by

3

them in 1979 to these Defendants' predecessor in interest[,] are estopped from claiming response costs from these defendants." But this claim of estoppel was not based on a statute-of-limitations rationale. Rather, Elder merely restated his unsuccessful argument that the government should be the liable party, because they "fail[ed] to enforce the [order] issued by them in 1979." This language cannot logically be read to state a statute-of-limitations claim.

3.    The district court did not err in denying Elder a jury trial for two reasons: (1) Elder has alleged no dispute of material fact to show that the district court erred in granting the governments' summary judgment pursuant to Fed. R. Civ. P. 56(a); and (2) jury trials are not required where only equitable relief is sought, as is the case here under CERCLA, *see Spinelli v. Gaughan*, 12 F.3d 853, 858 (9th Cir. 1993).

    **AFFIRMED.**