UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING CENTRECORP INC., STEPHEN P. ELDER, and ELDER DEVELOPMENT, INC.,<br><br>Defendants. | No. 2:08-cv-02556-MCE-DB<br><br>**ORDER** |

In bringing the present Request for Reconsideration (ECF No. 362), Defendant SC Inc., formerly known as Sterling Centrecorp Inc., ("Defendant") asks this Court to reverse the Magistrate Judge's February 21, 2020, Order granting a motion to compel further discovery filed on behalf of Plaintiff the United States of America ("Plaintiff"). ECF No. 359. Once Plaintiff obtained a $30 million monetary judgment against Defendant, it served discovery pursuant to Federal Rule of Civil Procedure 69 concerning alleged assets valued in excess of CAD $80 million that were transferred to related parties just before Plaintiff filed the instant CERCLA cost recovery action, and well after Defendant was placed on notice that Plaintiff sought reimbursement for costs incurred to clean up hazardous substances at a California Superfund site previously owned by Defendant.

Even though this case was instituted in 2008, Defendant argues that because thirteen years have now passed since the transfers at issue the information has become essentially irrelevant. The Magistrate Judge granted the motion to compel, and on March 6, 2020, Defendant moved to reconsider that decision.

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).[1]  Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993).  If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently. Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997).

After reviewing the entire file, this Court cannot say that the Magistrate Judge's decision was clearly erroneous.  A judgment creditor like Plaintiff herein is accorded "a wide scope or inquiry concerning property and business affairs of the judgment debtor" and is entitled "to leave no stone unturned in the search for assets which might be used to satisfy the judgment." A&F Bahamas, LLC v. World Venture Grp., Inc., No. CV 17-8523-VAP-SS, 2018 WL 5961297 at *2 (C.D. Cal. Oct. 19, 2018).  Given that sweeping scope, the Magistrate Judge acted well within her discretion in compelling discovery, and the fact that some of the discovery ordered may predate this litigation does not, under the circumstances of this case, amount to an abuse of that discretion.  Permitting discovery as to the transferred assets does not mean that those assets will necessarily

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Similarly, under 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

be available to satisfy Plaintiff's judgment; it simply recognizes that Plaintiff is entitled to understand the details of the transfers themselves so that it can decide whether to pursue the matter further in enforcement proceedings.  Defendant's Request for Reconsideration (ECF No. 362) is accordingly DENIED.

    IT IS SO ORDERED.

Dated:  July 21, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE