UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING CENTRECORP INC., STEPHEN P. ELDER, and ELDER DEVELOPMENT, INC.,<br><br>Defendants. | No. 2:08-cv-02556-MCE-DB<br><br>**ORDER** |

The Motion for Reconsideration presently before the Court (ECF No. 374) asks this Court to revisit its July 22, 2021, Order (ECF No. 369) which denied a previous request by Defendant Sterling Centrecorp, Inc. ("Defendant" or "SCI") for reversal of the Magistrate Judge's February 20, 2020, Order granting a motion to compel further discovery filed on behalf of Plaintiff United States of America ("Plaintiff"). ECF No. 359. Once Plaintiff obtained a USD $30 million monetary judgment against Defendant, it served discovery pursuant to Federal Rule of Civil Procedure 69 concerning alleged assets valued in excess of CAD $80 million that were transferred to related parties just before Plaintiff filed the instant CERCLA cost recovery action, and well after Defendant

1

was placed on notice that Plaintiff sought reimbursement for costs incurred to clean up hazardous substances at a California Superfund site previously owned by Defendant. Even though this case was instituted in 2008, Defendant argued that because thirteen years have now passed since the transfers at issue the information has become essentially irrelevant. The Magistrate Judge granted a Motion to Compel discovery as to those assets, and on March 6, 2020, Defendant moved to reconsider that decision.

This Court denied SCI's initial reconsideration request, by Order filed July 22, 2021, on grounds that it found no clear error on the part of the Magistrate Judge leaving it with a "definite and firm conviction that a mistake ha[d] been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993). Instead, the Court noted that a judgment creditor like Plaintiff herein is accorded "a wide scope or inquiry concerning property and business affairs of the judgment debtor" and is entitled "to leave no stone unturned in the search for assets which might be used to satisfy the judgment." A&F Bahamas, LLC v. World Venture Grp., Inc., No. CV 17-8523-VAP (SS), 2018 WL 5961297 at *2 (C.D. Cal. Oct. 19, 2018). Given that sweeping scope, the Court concluded that the Magistrate Judge had acted well within her discretion in compelling discovery. July 22, 2021, Order, ECF No. 369.

SCI now asks that the Court reconsider its decision pursuant to Federal Rule of Civil Procedure 60(b) and Eastern District Local Rule 230(j).[1] Under Rule 60(b), "a court may relieve a party from a final judgment, order or proceeding" due to, among other things, "newly discovered evidence" that, with reasonable diligence, could not have been discovered beforehand. Local Rule 230(j) further specifies that any motion for reconsideration identify "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon [the initial motion], or upon what other grounds exist for the motion."

///

---

[1] All further references to "Rule" or "Rules" are to the federal Rules of Civil Procedures unless otherwise indicated.

As indicated above, this particular dispute involves discovery concerning the assets with which Plaintiffs' judgment could potentially be satisfied. Rule 69 permits a judgment creditor to obtain discovery assisting it in executing upon a judgment "from any person – including the judgment debtor." Fed. Rule Civ. P. 69(a)(1). Because this Court adopted the Magistrate Judge's Order compelling discovery and ordering that certain documents be turned over within 30 days, and since the Court also denied SCI's request to reconsider that decision, SCI contends that for all intents and purposes this is a "final order" for which relief can be sought under Rule 60(b). Although Plaintiffs disagree, as SCI points out, this District has already found, in Lasheen v. Loomis Co., No. 2:01-cv-0227-KJM-EFB, 2018 WL 4679305 (E.D. Cal. 2018), that Rule 60(b) may properly be invoked in ruling upon a motion for reconsideration of an order compelling post-judgment discovery. Id. at *2. The Court consequently finds for purposes of this Order that Defendant's reliance on Rule 60(b) is permissible.

In terms of the substantive basis for SCI's Motion, however, Defendant seizes upon a statement made in the Court's earlier July 22, 2021, Order that the United States was "entitled to understand the details of [privatization transfers between SCI and related entities and individuals] so that it can decide whether to pursue the matter further in enforcement proceedings." ECF No. 369, 3:1-4. SCI points out that Plaintiff in fact filed a claim in the Ontario (Canada) Superior Court of Justice against 11 named individuals and entities, including SCI, on March 16, 2020 (the "Ontario Action"), after briefing on its prior Motion for Reconsideration was complete but before this Court's decision denying that Motion was filed on July 22, 2021. Because that proceeding was filed to enforce the same March 20, 2018, judgment as to which this Court compelled further discovery under Rule 69, SCI contends it amounts to evidence of a change of circumstances that should have been disclosed to the Court and may "alter [its] reasoning" and justify reconsideration. See Reply, ECF No. 380, 2:17-18. As SCI states: "to the extent the Court reasoned that post-judgment discovery in this action was

///

necessary to provide Plaintiff with the information about the privatization transactions it seeks, that is no longer the case." Id. at 4:25-27.

To begin with, despite SCI's claim that the additional compelled discovery was "ordered specifically to allow Plaintiff to evaluate whether to pursue enforcement proceedings," (Def.s' Mot., ECF No. 374, 6:20-22) in fact the statement was made in the context of the Court's observation that discovery as to the transferred assets did "not mean those assets would necessarily be available to satisfy Plaintiff's judgment." July 22, 2021 Order, ECF No. 369, 2:25-3:1. Consequently, to say that the Court's Order was predicated solely upon discovery prior to any enforcement proceeding is incorrect.

Even more significantly, the fact that Plaintiff filed an enforcement proceeding in Canada, where SCI is incorporated and where certain key shareholders to whom assets were purportedly transferred also reside, does not detract from the fact that other implicated shareholders and companies are based in the United States, or the fact that certain transferred assets at issue are also allegedly located in this country. Nonetheless, SCI maintains that because the Ontario Defendants include SCI along with other parties involved in the asset transactions, requiring that any discovery occur under the auspices of the Ontario Action, only, would be "more convenient, less burdensome, or less expensive" than discovery in this post-judgment proceeding. Def.'s Reply, 2:21-24 (citing Rule 26).

While SCI correctly points out that a district court has discretion to limit the scope of discovery where the information sought can be more easily obtained elsewhere, in a case like this one involving a substantial monetary judgment, the satisfaction of which implicates complicated business transactions between Canadian and American companies and individuals, the judgment creditor (here the United States) may explore options available to pay that judgment as it sees fit. As the Court already indicated in its July 22, 2021, Order, Plaintiff is entitled "to leave no stone unturned in the search for assets which might be used to satisfy the judgment." A&F Bahamas, LLC v. World

Venture Grp., Inc., 2018 WL 5961297 at *2  Besides claiming that the Ontario Action is "live" and resort to the auspices of this Court is "post-judgment," SCI offers no specific evidence or justification why discovery through the Ontario Action would be any more convenient or less costly than that already underway here by way of these proceedings.

In addition, as the United States points out by way of its opposition, SCI points to no case authority in any event to support its proposition that an order compelling discovery under Rule 69 may be vacated "merely because a judgment creditor filed an action to enforce the judgment before the judgment debtor complied with the Rule 69 Order." Pl.'s Opp., ECF No. 376, 7: 5-8.  SCI did not respond with any such authority in its reply; nor has this Court identified any law to support Defendant's proposition.  As indicated above, SCI simply argues that where to conduct discovery boil down to considerations of cost, ease and convenience.  But, the United States, with a judgment of some USD $30 million against SCI and its related parties, is in the driver's seat in deciding how to pursue collection of that judgment, particularly in a case like this one where no clear-cut evidence as to the relative difficulty in pursuing discovery in either venue has been offered.

For all the foregoing reasons, Defendant's Motion for Reconsideration (ECF No. 374) is DENIED.  SCI is directed to provide the discovery materials, whose production has already been compelled by the Magistrate Judge, to the United States not later than fourteen (14) days after this Order is electronically filed.

IT IS SO ORDERED.

Dated:  February 25, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE